## MARY A. FERA *vs.* JOHN G. FERA.

In a suit for divorce, on the Gen. Sts. *c.* 107, § 7, proof of the desertion of one party to the marriage, caused and justified by misconduct of the other, is not sufficient to sustain an allegation of the desertion of the other.

A judgment dismissing, upon a hearing on the merits, the libel of a wife for a divorce from bed and board for her desertion caused by extreme cruelty of her husband and his wanton and cruel neglect to provide suitable maintenance for her, is a bar to her subsequent libel, filed after five years' continuance of such desertion, for a divorce from the bond of matrimony for reason thereof, although at the hearing in the second suit there is evidence of other acts of cruelty of the husband previous to the separation than those testified of at the hearing in the first.

LIBEL for divorce from the bond of matrimony, alleging that, on October 31, 1861, at Boston, the libellee deserted the libellant without just cause, and continued such desertion more than five years consecutively, and until the time of the filing of this libel, March 15, 1867.

Trial by jury, before *Wells,* J., who allowed a bill of exceptions substantially as follows :

The libellant offered evidence to prove that the libellee by his extreme cruelty compelled her to leave his house and live apart from him ; but the judge ruled that this would not sustain the allegation of desertion by the libellee.

The libellant then amended her libel by inserting an allegation that, on October 31, 1861, at Boston, the libellee treated her so cruelly and abusively as to compel her to leave him and remain apart from him until the time of the filing of this libel, refusing and neglecting during the whole period to provide her with suitable maintenance, though of sufficient ability so to do. The libellee pleaded in answer thereto a judgment of this court, rendered at October term 1863, dismissing a former libel of the libellant praying for a divorce from bed and board on substantially the same allegation. The record that this former libel was dismissed was read to the jury ; it was admitted that the husband appeared at the trial thereof to defend against it; and evidence was introduced tending to show that it was dismissed upon a hearing on the merits. But the libellant testified that she did not at that hearing testify to some of the acts of cruelty on the

part of the libellee to which she had now testified in the present suit.

The judge instructed the jury that, if the separation referred to in the former libel was the same as that now relied on, and that libel was dismissed by the court upon a hearing on the merits, the former judgment would be conclusive on the present issue, and their verdict must be for the respondent; and that it made no difference that in this case there was evidence of other acts of cruelty previous to such separation than those testified of in the hearing of the former case.

The jury returned a verdict for the libellee, and, on inquiry, answered that it was rendered entirely upon the ground of the former judgment. The libellant alleged exceptions.

*C. Cowley*, for the libellant.

*S. J. Thomas*, for the libellee.

HOAR, J. We think the amendment of the libel required by the court was necessary, and that there would have been without it a material variance between the allegations and the proof. A divorce may be decreed in favor of either party when one party has deserted the other for five consecutive years. Gen. Sts. *c.* 107, § 7. But the desertion of one party caused and justified by the misconduct of the other is not the desertion of the other. *Pidge* v. *Pidge*, 3 Met. 257. The divorce is only allowed in favor of the party deserting, when the desertion is caused by the extreme cruelty of the other party or when the desertion by the wife is caused by the gross or wanton and cruel neglect of the husband to provide suitable maintenance for her, he being of sufficient ability so to do. Gen. Sts. *c.* 107, § 7.

The libellant, under her amended libel, was then obliged to rely on her own desertion, caused by the extreme cruelty of the libellee; and she alleged also his neglect to provide her with suitable support. To the charge that his extreme cruelty had caused and justified her desertion of him, the libellee offered in defence a judgment of this court, rendered at the October term 1863, dismissing a libel for divorce from bed and board prosecuted by her against him, which assigned as a ground for divorce that he by cruel and abusive treatment compelled her, through

fear of her life, to leave him and live apart. The court instructed the jury that, if the separation referred to in the former libel was the same as that now relied on, and the former libel was dismissed by the court upon a hearing of the merits, the judgment in the former case would be conclusive upon the issue in the present case; and that it made no difference in this respect that in this case there was evidence of other acts of cruelty (previous to such separation) than those testified of in the hearing of the former case.

This presents a question somewhat novel; but we think that upon well established principles the instructions were right, and that the exception to them cannot be sustained.

The issue decided under the first libel was this, whether up to the time of filing it the defendant had been guilty of such cruel and abusive treatment of the libellant as would authorize a divorce from bed and board; and upon the proofs it was decided that he had not. The libellant now offers to show other acts of cruelty, which, though they had occurred before the trial in that case, were not given in evidence. She contends that the present issue, being upon a libel for a divorce from the bonds of matrimony, has no relation to the former one, and is not to be affected by it.

But the court are of opinion that a libel for divorce from the bonds of matrimony, and a libel for divorce from bed and board, are proceedings having a direct and intimate relation to each other. They seek for different degrees of change in the marriage relation; and concern the same subject matter. It is not uncommon to include in the same libel a prayer in the alternative for the two kinds of divorce; and the practice has received judicial sanction. *Young* v. *Young*, 4 Mass. 430. Under our statutes, when a party has obtained a divorce from bed and board, and afterward lives separate from the other party for five years, it is a ground of divorce from the bonds of matrimony. The libellant in the first suit asked a decision of the court upon the question whether she had been so cruelly treated as to justify a judicial sentence of separation from her husband; and the judgment given was that she had not. This judgment was plainly a bar

to any new application for a divorce from bed and board, upon the same ground, up to that time, whether upon the same or different evidence. If there was no such cruelty proved as would sustain that libel, it follows *a fortiori* that there was none which would constitute the extreme cruelty constituting a cause for a desertion leading to the dissolution of the marriage relation. To go behind that judgment would be to admit that, while the parties could not be separated by the authority of the court, there was yet such cause for their separation as would lead to a complete severance of conjugal ties. The libellant now complains of the same thing as she did before, and only asks a more complete remedy because she charges that the effects of the injury have continued for a longer period. But the very foundation of her libel, the thing which she states as the ground of her claim to relief, has been already determined against her, in a suit between the same parties, in which all the evidence she now has was competent, and judgment has passed upon it. She cannot be allowed to re-open that litigation, and the judgment was rightly held to be a bar. *Exceptions overruled.*