[L. A. No. 1000.   Department One.—December 17, 1901.]

JOHANNA GREER, Appellant, v. JAMES GREER, CATH-
ERINE BELSHAW, and DAVID BELSHAW, Respond-
ents.

ACTION FOR MAINTENANCE—FRAUDULENT TRANSFER—FINDINGS—SUP-
PORT OF JUDGMENT—APPEAL.—In an action by a wife for main-
tenance, on the ground of alleged desertion by her husband, and
to set aside an alleged fraudulent transfer by him to a co-defendant,
findings showing that the husband did not desert her, but sought
medical treatment at a public institution, which he was entitled to
enter as a veteran Union soldier, and that, before going, he made
ample provision for her support, and divided with her all personal
property, and conveyed only his separate real estate to his daughter,
are sufficient to sustain a judgment for the defendants, upon appeal
therefrom on the judgment-roll.

ID.—FINDING AS TO DESERTION—MATTER OF FACT.—The finding that the
defendant did not willfully or otherwise desert the plaintiff, is a
finding upon a matter of fact, and not upon a conclusion of law.

ID.—IMMATERIAL OMISSION IN FINDINGS—FRAUD IN TRANSFER OF SEPA-
RATE PROPERTY.—The right of the plaintiff to avoid the alleged
fraudulent transfer depended on proof of the willful desertion al-
leged.   In the absence of such desertion, the husband had the right
to convey his separate property;  and the omission to find upon the
issue of fraud, or as to the value of the property transferred, or
whether the transfer was with or without consideration, is imma-
terial.

ID.—DEPARTURE OF HUSBAND FOR MEDICAL TREATMENT—OMISSION OF
FINDING AS TO NECESSITY.—Where the court found against the fact
of desertion, and that the defendant went away for medical treat-
ment, the omission to find as to whether it was necessary for him
to go away, or to remain away, for medical treatment, is immaterial.

ID.—APPEAL UPON JUDGMENT-ROLL—EVIDENCE NOT PRESUMED AS TO
FINDINGS OMITTED.—Upon appeal from the judgment, on the judg-
ment-roll alone, it will not be presumed that there was any evidence
upon points in respect of which there is no finding.

APPEAL from a judgment of the Superior Court of Kern
County.   J. K. Law, Judge presiding.

The facts are stated in the opinion.

T. M. McNamara, S. W. Mahon, and C. E. Arnold, for
Appellant.

C. M. Fickert, Aylett R. Cotton, Alvin Fay, B. Brundage, and E. J. Emmons, for Respondents.

CHIPMAN, C.—Action for permanent alimony, and that it be declared a lien on certain real property conveyed by defendant Greer to defendant Catherine Belshaw, and that said deed be declared void; also, that said land be adjudged the property of defendant Greer.

Defendants had judgment, from which plaintiff appeals on the judgment-roll.

It is alleged in the complaint that plaintiff and defendant James Greer intermarried, December 7, 1894, and are now husband and wife; that on June 4, 1898, he willfully deserted her without cause, and is now living separate and apart from her; that he was at the time of the said desertion the owner of certain real property (describing it), and possessed one thousand dollars in money, and was receiving a pension from the general government of twelve dollars per month; that when he deserted plaintiff he left in her possession some live stock and farming implements and some furniture, and had no other property, except as above mentioned; that on June 6, 1898, with intent to cheat and defraud plaintiff, he conveyed, without consideration, his said real property to defendant Catherine Belshaw, then residing in Ireland; that plaintiff has no means of support except $362 in money and a tract of 160 acres of land, which she describes to be of the alleged value of $200, and of the rental value of $22 per annum; that since his said desertion defendant Greer has made no provision for the support of plaintiff; that she is in poor health and unable to perform hard labor, and is therefore unable to support herself; that forty dollars each month is necessary to her support. The complaint was filed July 6, 1898, one month after the alleged desertion.

Defendants deny these various allegations of fraud and desertion by defendant Greer; aver that the real property alleged to have been fraudulently conveyed was the separate property of defendant Greer; that he did not desert plaintiff, but left his home and went to the Veterans' Home at Napa, for medical treatment and care, which he alleges he could not have at his home, on account of the cruel treatment of him by plaintiff; that on June 4, 1898, when he went to the Veterans'

Home aforesaid, he not only left with plaintiff the property mentioned by her, but some other live stock, and otherwise made ample provision for her support; that defendant Catherine Belshaw is his daughter, and that the said real estate conveyed to her was his separate property, acquired before the said marriage; that immediately before leaving his home to go to the said Veterans' Home he sold all his personal property except that which he left with plaintiff and divided the proceeds equally with plaintiff, giving her $525.

The court found the facts as to the marriage to be as alleged; that defendant Greer did not willfully or otherwise desert plaintiff; that the real estate referred to in the complaint as belonging to defendant Greer was his separate property at the time he conveyed it to defendant Catherine Belshaw; that immediately before June 4, 1898, defendant Greer sold all his personal property, except such as he left with plaintiff, and divided equally with her the proceeds, paying to her $525, and that he had no other property at that time save the said real estate and the said personal property (the pleadings admit that he is receiving a pension of twelve dollars per month); that he conveyed the said real estate to defendant Belshaw, and at the time of the conveyance it was his separate property; that on June 4, 1898, he "departed from his home for the Veterans' Home in Napa County, California, for the purpose of receiving medical treatment, and remained at the said Veterans' Home up to the time of this trial, and that he had been compelled at various times to leave his said home by reason of the cruel treatment of him by plaintiff"; that when he left his home to go to the said Veterans' Home, "he provided sufficient support and maintenance for plaintiff for at least nine months, at the rate plaintiff claimed it would cost for the same."

As conclusions of law, the court found,—that plaintiff is not entitled to recover alimony in any sum; that plaintiff is not entitled to have the deed to defendant Belshaw canceled, nor to have a decree that defendant Greer is now the sole owner of the land described in the complaint, nor to have a decree that said land is chargeable with alimony; that defendants are entitled to judgment for their necessary costs.

1. Appellant claims that the findings are insufficient,—1.

That there is no sufficient finding as to the alleged desertion of defendant Greer; 2. There is no finding on the issue of fraud; 3. There is no finding as to the value of the property conveyed to defendant Belshaw; and 4. That the finding as to desertion is a conclusion of law; that the findings show that the parties have lived separate and apart to the trial of the action, September 27, 1899, and it is not found that it was necessary for the husband to go away for medical treatment, or that it was necessary for him to remain away.

Appellant relies on *Murray* v. *Murray,* 115 Cal. 266,[1] and, indeed, the attempt seems to have been made to cast this case in the same mold with *Murray* v. *Murray.* The facts, however, in the two cases are in some essential features strikingly dissimilar. We must consider the case now here as it was presented when the complaint was filed; there is no supplemental complaint showing any change in the condition of plaintiff, or any greater ground for relief than then existed. The findings are, that her husband did not desert her, but sought medical treatment at a public institution of the state, which he was entitled to enter as a veteran Union soldier; that before going there he divided equally with plaintiff the proceeds of all the personal property possessed by him, except what he left with plaintiff, and that she then had in money $525 and the live stock, farm implements, and furniture mentioned in the findings; and it is found that this constituted all his property, except his separate real property. In the case of *Murray* v. *Murray,* 115 Cal. 266,[1] which was a similar action, the husband took his pregnant wife to San Francisco, "where he abandoned her among strangers, and himself departed from the State, leaving her in circumstances of miserable destitution." It appeared that he was possessed of considerable separate property, all of which, without the knowledge or consent of his wife, and with intent to defraud her of the right to subject said property to her claim for maintenance and support, he transferred to his brother, who was cognizant of the fraudulent purpose of the transfer. It was held in that case, admitting the rule to be, in this state, that the wife, by reason of the conjugal relation, has no standing to attack a voluntary disposition of her husband's separate

[2] 56 Am. St. Rep. 97.

property, under section 157 of the Civil Code, still, if the wife be deserted, she is, by reason of his act of desertion, authorized to maintain the action under section 137 of the Civil Code. It was also decided that, though she is not a creditor in the strict sense of the term, as used in section 3439 of the Civil Code, she "is yet, as concerns her right to maintenance, so far within the protection of this statute that it avoids his transfers made with the design to defeat such right." It will be seen, however, that the action rests on section 137, while the right to avoid the transfer is incidental to the enforcement by the maintenance due to the willfully deserted wife. The findings not only negative the allegation of willful desertion, but they show that ample provision was made for the wife's support, and that defendant left his home for the purpose of obtaining medical treatment; and there is nothing to show that his condition of health has changed, nor is there anything to show that he remains away with intent to desert plaintiff.

The findings as to desertion were sufficient as findings of the fact; and as the right to have the transfer avoided depended on proof of the willful desertion alleged, which failed, it was not necessary to find on the issue of fraud. If the husband did not desert his wife, she could not question his right to dispose of his separate property. Section 172 of the Civil Code, prohibiting the husband, without the consent of the wife, from disposing of the community property without consideration, has no bearing on the case. The record comes here on the judgment-roll alone, and it will not be presumed that there was evidence upon points in respect of which there is no finding. (*Klokke* v. *Escailler,* 124 Cal. 297, and cases there cited.) It was not necessary to find as to the value of the property transferred by defendant to his daughter, nor was it necessary to find whether the transfer was with or without consideration, nor whether it was necessary for him to go away for medical treatment, nor whether it was necessary for him to remain away.

2. It is contended by appellant that the judgment is not in accordance with the conclusions of law, as it simply adjudges that defendants recover their costs, and does not adjudge the rights of plaintiff.

Every issue necessary to be adjudged was found upon.

Judgment for costs was all the relief prayed for by defendant and all to which he was entitled.

The judgment should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.            Harrison, J., Garoutte, J., Van Dyke, J.