[L. A. No. 1224.   Department Two.—March 15, 1904.]

JOHANNA GREER, Respondent, v. JAMES GREER, CATHERINE ANN BELSHAW, and DAVID BELSHAW, Appellants.

DIVORCE—DESERTION—CANCELLATION OF DEED—FORMER JUDGMENT—MAINTENANCE—APPEAL—EVIDENCE—JURISDICTION.—In an action by a wife for divorce for alleged desertion and for the cancellation of a deed of the husband to his daughter, for the purpose of enforcing alimony, a former judgment for the defendant in an action by her for a maintenance, grounded upon the same alleged desertion and seeking the same relief, in which the court found that there was no desertion, and that plaintiff was not entitled to cancel the deed, or to enforce alimony upon the property conveyed, though such judgment was suspended by an appeal, and did not become *res adjudicata* until affirmed upon the appeal, and though not a proper subject of a plea of another action pending, is admissible in evidence to show that the court in the former action had acquired vested jurisdiction of those matters, and to preclude a retrial of the validity of the transfer or of the alleged desertion in the action for divorce.

ID.—VALIDITY OF DEED TO HUSBAND—SEPARATE PROPERTY.—A husband, in the absence of fraud, has the right to convey his separate property to his daughter; and if the deed was valid when made, it could not afterwards be invalidated by any act of his.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. George E. Church, Judge presiding.

The facts are stated in the opinion.

C. M. Fickert, for Appellants.

T. M. McNamara, C. E. Arnold, and S. W. Mahon, for Respondent.

COOPER, C.—This is an appeal from the judgment and from an order denying defendants' motion for a new trial. This action was commenced May 4, 1900.

It is found in substance that the defendant Greer willfully deserted the plaintiff on the fourth day of June, 1898, and that such desertion has ever since continued; that at the time

of said desertion the defendant Greer was the owner as his separate property, of certain lands described in the complaint of the value of four thousand dollars; that on June 6, 1898, said defendant Greer, with the intent of cheating and defrauding the plaintiff out of her marital rights, and for the purpose of preventing said real property from being subjected to any liens for the support and maintenance of plaintiff, and without consideration, made a deed of conveyance to defendant Catherine Ann Belshaw, his daughter, and placed the same upon record; that said deed was made without the knowledge of the grantee therein named, and was never delivered; that plaintiff is in poor health, and has no means of support.

The judgment granted plaintiff a divorce, and directed the payment to her by defendant Greer of one hundred dollars counsel fees and costs of suit and twenty-five dollars per month alimony during her life, and that all said sums be made a lien upon the said real estate, that the conveyance made by defendant Greer to defendant Catherine Ann Belshaw be canceled, and that so much of the real estate as shall be found necessary be sold to pay the several amounts and the expenses of sale. Defendants pleaded by way of abatement a judgment, which had been suspended by appeal to this court. in a prior action between the same plaintiff, as plaintiff, and the same defendants, as defendants, involving the question of desertion, the conveyance sought to be set aside in this case, and alimony sought to be recovered. The record shows that on the sixth day of July, 1898, the plaintiff commenced an action against these defendants in which she sought to recover permanent alimony, costs, and counsel fees against defendant Greer, to set aside the deed to Catherine Ann Belshaw, and to have the alimony, costs, and counsel fees made a lien upon the same lands described in the complaint in the case at bar. The allegation as to Greer's desertion in the former case was, "that on or about the fourth day of June, 1898, and before the commencement of this action, said defendant, James Greer, willfully disregarding the solemnity of his marriage vows, willfully and without cause, or any sufficient reason, deserted and abandoned this plaintiff, and ever since has and still continues to willfully and without cause desert and abandon this plaintiff, and to live separate and apart from

her without any sufficient cause or reason, and against her will, wish, or consent." The language in the complaint at bar as to desertion is in the exact words above quoted.

The deed sought to be set aside in each case is copied *verbatim et literatim* in each complaint. In the action pleaded by way of defense the allegation as to the deed is as follows: "That said defendant, James Greer, never received any money or consideration whatever, for or on account of the execution of said instrument in writing by him as aforesaid; that said defendant, James Greer, executed, acknowledged, and caused said instrument in writing to be recorded as aforesaid for the sole purpose of cheating and depriving this plaintiff of her marital rights in and to the real estate described in said instrument, and to prevent said real property from being subjected to a lien for the support and maintenance of this plaintiff."

The allegation as to the deed in the complaint at bar is in the precise words quoted from the complaint in the former action.

Many other allegations in the present case are copied substantially in the language of the complaint in the former action.

The only material difference in the two cases is, that the complaint here alleges the desertion to have continued up to the fourth day of May, 1900, while in the former case it was alleged to have continued up to July 8, 1898, and in the case at bar it is alleged, as an additional ground for divorce, that for more than one year prior to the commencement of the action the defendant Greer had willfully neglected to provide for plaintiff the common necessaries of life, having the ability so to do. In the present action plaintiff seeks a divorce, which was not sought in the former action.

It will thus be readily seen that, as to the right of plaintiff to divorce on the ground of failure to provide, should her evidence support her complaint, the plea as to the former suspended judgment as to defendant Greer was not good. If at the time this action was commenced the allegations of the plaintiff's complaint as to failure to provide were true, the plaintiff was entitled to a divorce, and probably to alimony and counsel fees, payable out of any property owned by defendant Greer, and which had not been disposed of in the for-

mer action. The court found the allegations to be true as to the desertion. As to the question of the lands conveyed by the deed, and of the desertion on June 4, 1898, the two cases involve the same subject-matter in the same right between the same parties. The former action had been tried, findings filed, and judgment entered at the time of the trial of this one, and was then on appeal to this court.

In the former case the court found that defendant Greer did not on the fourth day of June, 1898, or at any time before the commencement of the action, desert the plaintiff, but that by reason of cruel treatment by plaintiff defendant Greer was compelled at various times to leave his home, and that on the fourth day of June, 1898, he left his home and went to the Veterans' Home in Napa County for the purpose of receiving medical treatment; that he left plaintiff in possession of the house and household furniture, the stock of provisions on hand, four head of horned cattle, two head of horses, all the farming tools and implements used on the premises, and $525 in money, the said money being one half the proceeds of sales of personal property; that besides this the plaintiff owned one hundred and sixty acres of land as her separate property. That the amount of property so left with plaintiff was sufficient for her support for at least nine months from June 8, 1898; that the real estate conveyed by the defendant Greer to his daughter, Catherine Ann Belshaw, was at the time of such conveyance the separate property of said defendant Greer.

The judgment of the court in the former case was, that plaintiff was not entitled to recover alimony, counsel fees, or costs, and that defendants were entitled to judgment. That case was afterwards affirmed here (*Greer* v. *Greer,* 135 Cal. 121), and this court said: "And as the right to have the transfer avoided depended on proof of the willful desertion alleged, which failed, it was not necessary to find on the issue of fraud. If the husband did not desert his wife, she could not question his right to dispose of his separate property. Section 172 of the Civil Code, prohibiting the husband, without the consent of the wife, from disposing of the community property without consideration, has no bearing on the case."

The plaintiff in the former action brought the defendants into court for the purpose, among other things, of having the transfer to Catherine Ann Belshaw set aside and annulled on

the ground that it was made without consideration and in fraud of plaintiff's marital rights and for the alleged reason that defendant Greer had deserted the plaintiff. The court heard the parties and held the transfer to be valid as against the plaintiff. It was held that the defendant Greer had not deserted the plaintiff at the time he made such transfer; that he divided his own personal property with her, and that she had one hundred and sixty acres of land of her own. Being his own separate property, he had the right, in the absence of fraud, to convey it to his daughter. If the conveyance was valid when made, it could not afterwards, by any act of defendant Greer, become invalid. (*Metzler* v. *Metzler,* 99 Ind. 388; *Barrow* v. *Barrow,* 108 Ind. 345; 2 Bishop on Marriage, Divorce, and Separation, sec. 1105, and cases cited.) And he had the right to provide for his daughter. He was an old man, and went to the Veterans' Home for treatment. The plaintiff was forty-nine years old when this case was tried. The parties were married in December, 1894, and lived together only about three and one half years. The defendant Greer left her in possession of the household furniture and certain personal property and her own one hundred and sixty acres. He also gave her one half the proceeds of sales of personal property. If the deed made by defendant Greer, having been once attacked by plaintiff and found valid by the judgment of a court of competent jurisdiction, can again be attacked by the same plaintiff against the same parties in a different suit, there would be no end to the litigation. The plaintiff might bring a separate action for a divorce every year on each of the different causes set forth in the code, and each time claim that she had the right to investigate the validity of the transfer. It is evident that such proceedings might be kept up beyond the lifetime of defendant Greer. It is the rule that when a matter is once fairly before the court and adjudicated between the same parties, involving the same question, it cannot afterwards be litigated, even upon grounds not disclosed in the former case. (*Wheeler* v. *Eldred,* 137 Cal. 37; *Bingham* v. *Kearney,* 136 Cal. 175.) Desertion is the voluntary separation of one of the married parties from the other with intent to desert. (Civ. Code, sec. 95.) The fact that in this case it was alleged to have continued up to the commencement

of the action is not equivalent to an allegation of desertion at a later date than that alleged in the complaint. The act of desertion is the same in each case. In the former case it was not necessary that it should not have continued for a year in order to entitle plaintiff to maintain her action for alimony. (*Hardy* v. *Hardy,* 97 Cal. 130.) It was there said: "The defendant's plea herein that this judgment is a bar to the present action should have been sustained. The contention of the plaintiff, that the cause of action set forth in the present complaint is different from that in the former action, for the reason that at that time the desertion claimed to have taken place on the nineteenth day of December, 1887, had not become a ground for a divorce, because it had not been continued for a year, cannot be maintained. The desertion by the husband which will authorize the wife to maintain an action for permanent support must be of the same character as would authorize her to maintain an action for a divorce; but while the statute prescribes that her application for a divorce must be denied unless the desertion has continued for a year, it has not placed any such limitation upon her right to maintain this action."

It is stated in Bishop on Marriage, Divorce, and Separation (vol. 2, sec. 1595): "It is fundamental in judicial practice that parties can litigate to judgment the same thing but once. The consequence whereof is that after a divorce suit has terminated in favor of either the plaintiff or the defendant, no second suit can be brought to try anew anything within the scope of this one, whether in fact it was considered therein or not." In this case the same principle applies, although the former suit was not for a divorce. Its objects were to obtain alimony, to set aside the deed to Greer's daughter, and to recover costs. These objects could not be obtained unless the proof showed the desertion June 4, 1898. The desertion was the wrong of which defendant Greer was accused. In *Fera* v. *Fera,* 98 Mass. 155, it was held that a judgment in favor of the husband in an action by the wife for divorce from bed and board on the ground of extreme cruelty and failure to provide, was a bar to a subsequent action for divorce alleging five years continuance of the same desertion. It was said that although the first action was not for a divorce, yet the proceedings had a direct and intimate relation to each other. In

the later case of *Miller* v. *Miller,* 150 Mass. 111, it was held that a decree in a wife's favor for separate maintenance, while living apart from her husband for justifiable cause, was a bar to a suit by the husband for a divorce on the ground of the alleged desertion of the wife. (See, also, *Dwyer* v. *Dwyer,* 26 Mo. App. 647.) As the former case was pending on appeal, the judgment could not have been pleaded as an estoppel. The plea of "action pending" in its proper sense did not apply. But the judgment-roll in the former suit was properly admitted in evidence for the purpose of showing that the question as to the deed to Greer's daughter and the desertion had been adjudicated in a proper tribunal between the same parties. The jurisdiction as to the deed and the alleged desertion had vested in another suit in the superior court, and was then pending on appeal to this court. The superior court, although having jurisdiction in this case as to the cause of divorce for willful neglect, and as to any proper alimony or counsel fees incidental thereto, to be made payable out of other property than that which had been the subject of litigation in the prior suit, should not have retried the validity of the transfer nor the alleged desertion. The rule as to a judgment suspended by appeal, and the reason therefor, are well stated in *Smith* v. *Smith,* 134 Cal. 117. It was there said by Temple, J., speaking for the court: "In this case the defendants could not have successfully interposed the plea of another action pending and they did not ask for a continuance. They can only get such relief, therefore, as they could show themselves entitled to while the judgment in the divorce suit was so suspended that it could not be received as evidence that the matters involved in it had been finally adjudicated. I think, even then, that the defendants had rights which could have been, and which ought to have been preserved for them." As the findings and judgment in this case proceed upon the theory that the defendant is still the owner of the land conveyed to his daughter, and that he deserted the plaintiff, and as the court did not find on the issue as to willful neglect, we cannot see our way clear to affirm any part of the judgment. It may be that, with this part of the case eliminated, the judgment would have been different in other respects.

It is advised that the judgment and order be reversed, with directions to the court below to make new findings upon the

evidence introduced at the former trial, and such other evidence as may be offered by either party under the issues in accordance with this opinion, and to cause judgment to be entered accordingly.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed, with directions to the court below to make new findings upon the evidence introduced at the former trial, and such other evidence as may be offered by either party under the issues in accordance with this opinion, and to cause judgment to be entered accordingly.

Henshaw, J., McFarland, J., Lorigan, J.