[L. A. No. 15376. In Bank.—March 18, 1937.]

JULIA LOUISE STITT, Respondent, v. CORWIN J. STITT, Appellant.

W. C. Dalzcll for Appellant.

Pauĺ J. Otto and Paul E. Iverson for Respondent.

WASTE, C. J.—This action was brought by plaintiff Julia Louise Stitt against her husband, Corwin J. Stitt, charging cruelty and seeking separate maintenance for herself and three minor children of the marriage. Issue was joined by defendant and the cause went to trial. The trial court found the material allegations of plaintiff's complaint to be true and gave judgment that she have custody of the minor children with right of reasonable visitation by defendant; that she be awarded, from the community assets, the family home and furnishings; and that defendant pay, through a court trustee, for her support and that of the three children, the sum of $60 a month, together with attorney's fees and costs. From said judgment, defendant appealed on the judgment roll and the cause is now before this court on motion of plaintiff to dismiss the appeal or affirm the judgment.

No substantial question is raised by the appeal. Appellant's nine-page opening brief states five questions, but argues only three of them, and of the three, one was completely

answered when this court ordered a diminution of record on February 13, 1936 (*Stitt* v. *Stitt*, 5 Cal. (2d) 329 [54 Pac. (2d) 460]), correcting the findings as to two typographical errors in Roman numerals referring to paragraphs of pleadings found to be true or untrue. ▮ As to the second point, under the allegations of plaintiff's complaint, with its prayer for support and maintenance, for costs, for an order restraining dissipation of assets by defendant, and for general relief, it was proper for the court to make the aforesaid award of community property to plaintiff. (*D'Arcy* v. *D'Arcy,* 89 Cal. App. 86 [264 Pac. 497].)

▮ This brings us to the third and last point. The complaint, for purposes of the state bureau of vital statistics as required by section 426a of the Code of Civil Procedure, set forth the date of marriage of the parties, November 15, 1920, and the date of separation as "on or about the 1st day of July, 1934". The four acts of cruelty charged took place in August, October, and November, 1934. Appellant contends that where a complaint alleges a separation, without allegation as to whether it was justified or unjustified, and acts of cruelty committed subsequent thereto, it fails to state a cause of action for separate maintenance.

The contention is without merit. A complaint for divorce or separate maintenance on grounds of extreme cruelty is not insufficient merely because it alleges only acts of cruelty committed subsequent to final separation of husband and wife. (Civ. Code, secs. 92 and 137; *MacDonald* v. *MacDonald,* 155 Cal. 665, 672, 673 [102 Pac. 927, 25 L. R. A. (N. S.) 45]; *Valensin* v. *Valensin,* 73 Cal. 106, 109 [14 Pac. 397]; *Newby* v. *Newby,* 55 Cal. App. 114 [202 Pac. 891]; 9 Cal. Jur., sec. 33, p. 661.) In the absence of allegations and proof, it cannot be presumed that the separation was without justification on the part of the aggrieved spouse. Moreover, in this case, although the date of separation given for statistical purposes may have been the date upon which the spouses ceased to have sexual relations, it obviously was not the actual final date of their separation, upon which they ceased to live together in the family home, for the complaint shows on its face that the various acts of cruelty charged took place in the family home and involved the relation of both parents and children, all residing there together. The pleading stated a cause of action. Neither side has cited authority on the point

just discussed. We wish, however, to refer to the case of *Mayo* v. *Mayo*, 3 Cal. (2d) 51 [43 Pac. (2d) 535], and to state that any intimations contrary to the views above expressed which may be found in that decision are deemed overruled.

The judgment is affirmed.

Seawell, J., Shenk, J., Curtis, J., Langdon, J., Thompson J., and Edmonds J., concurred.