[Civ. No. 2633.   Fourth Dist.—April 14, 1941.]

JOHN HALVORSEN, Respondent, v. MARIE HALVORSEN, a Minor, etc., Appellant.

Aaron Levinson for Appellant.

Harvey D. Taylor for Respondent.

J. H. O'Connor, County Counsel, S. V. O. Prichard, Assistant County Counsel, and Ned Marr, Deputy County Counsel, as *Amici Curiae*, on behalf of Respondent.

BARNARD, P. J.—In this action each of the parties sought an annulment of their marriage. The parties, both residents of Los Angeles County, went through a marriage ceremony in Tiajuana, Mexico, on November 1, 1937. The defendant was then of the age of 17 years and 7 months, and she did not have the consent of her parents. It appears that they returned immediately to Los Angeles and that they never lived together or cohabited as husband and wife.

The entire proceedings at the trial of the action take up less than three pages of the transcript, all of the testimony being confined to one page. The plaintiff testified that he and the defendant were married in Tiajuana, Mexico; that they never lived together or cohabited as husband and wife; and that they returned to Los Angeles immediately after the marriage. The trial judge then remarked ''That is enough''. After inquiring as to the defendant's age at the time of the marriage, he then stated that the case of *McDonald* v. *McDonald*, 6 Cal. (2d) 457 [58 Pac. (2d) 163, 104 A. L. R. 1290], held ''that the validity of the marriage is determined at the place where consummated'', referred to two sections of the Mexican Code, and remarked that the law of Mexico is not the same as that of California. He then asked whether the defendant and cross-complainant was represented by counsel and after her attorney replied in the affirmative, he said: ''The annulment is denied on the complaint and the annulment is denied on the cross-complaint''. A judgment was entered and the defendant and cross-complainant has appealed.

Apparently, these parties went through some kind of a marriage ceremony in Tiajuana, Mexico. Although we are not experts on Mexican law it is our understanding that the taking of a considerable number of steps in a very definite manner is required in order to make a marriage valid under that law. It does not appear whether such requirements were complied with, in this instance, as no evidence in support of the cross-complaint was received. The facts should have been ascertained and, if necessary, the pleadings could have been amended to conform to the proof. While the plaintiff

testified that he and the defendant "were married" there is an entire absence of any testimony as to what actually took place on that occasion, and there is no evidence of any facts from which it could possibly be determined whether or not the requisite things were had and done in order to constitute this a valid marriage under the laws of the jurisdiction in which the purported ceremony was performed. In addition, no evidence was received relative to the laws of Mexico upon the subjects here involved, either those relating to the validity of this marriage or to the possibility of its being annulled.

Moreover, there are no findings of fact. While the court drew the conclusions of law that the cross-complaint does not state a cause of action and that the defendant and cross-complainant is not entitled to a decree of annulment, not a single fact of any kind or nature was found in so far as disclosed by the record before us.

An *amicus curiae* brief in opposition to the appellant's opening brief was filed by the County Counsel of Los Angeles County, in which it is suggested that this court, upon its own motion, take evidence "relative to the laws of Mexico upon the subjects herein involved."

In support of his request that this court take evidence as to the laws of Mexico the County Counsel has filed the affidavit of an attorney who says he is familiar with those laws, in which he purports to set forth the substance of certain of those laws. This affiant also expressed the opinion that one of those laws, which provides that an action for annulment may be brought only by the party whose consent was necessary, is controlling over another which provides that such an action may be brought by one of the parties to the marriage. The transcript also contains an affidavit in support of a motion for a new trial in which the affiant, after alleging his familiarity with the laws of Mexico, sets forth his views as to the effect of certain of those laws. There is considerable disagreement between the two versions thus presented, relative to the laws of Mexico, in so far as material here.

The cross-complaint states a cause of action if the laws of this state alone were involved. If we were to presume that the laws of Mexico, in so far as material here, are the same as the laws of this state the judgment would have

to be reversed. A decision of this case on its merits requires not only the taking of evidence as to the pertinent laws of Mexico but also requires the taking of considerable evidence as to the existing facts. To grant the request that evidence as to the laws of Mexico be taken in this court would naturally lead to and require also the taking of testimony as to the general facts involved. This would result in a complete trial of all of the issues in this court when, as a practical matter, no trial has been had in the trial court. No good reason appears for such a radical departure from the usual and orderly procedure.

In so far as disclosed by the incomplete record before us, it does not appear that the case of *McDonald* v. *McDonald*, *supra*, apparently relied upon by the trial court, is necessarily controlling here. Aside from any other considerations, there would appear to be serious questions as to whether this was a valid marriage under the laws of the place where it was performed, aside from any question of consent; whether it was voidable there because of the absence of consent, as being one · of the "impediments" for which a marriage may there be annulled; and, if the marriage was void or voidable there, whether the procedure for procuring an annulment under Mexican law prevails and is controlling over the purely procedural steps provided in that regard by the statutes and rules of law of this state. These and the other questions and issues involved should first be heard, considered and determined in the trial court.

The request that this court take evidence in this cause is denied and the judgment is reversed.

Marks, J., and Griffin, J., concurred.