[Civ. No. 6365.    Fourth Dist.    Dec. 1, 1960.]

WILLIAM O. BURT, Appellant, v. GLADYS L. BURT, Respondent.

William O. Burt, in pro. per., for Appellant.

No appearance for Respondent.

GRIFFIN, P. J.—On April 20, 1959, plaintiff-appellant brought this action against his defendant-respondent wife for divorce on the grounds of desertion, extreme mental cruelty and for declaratory relief, and sought part-time custody of minor children, alleging that the parties hereto were married on September 19, 1947; that plaintiff resides in Riverside County and his wife resides in Texas; that they separated on February 2, 1954, and there are two children the issue of said marriage; that there was no community property, it having been divided by a property settlement agreement and by an interlocutory decree of divorce obtained by Mrs. Burt in Los Angeles County on May 14, 1956; and that no final decree of divorce therein was entered. It appears that Mr. Burt applied for a final decree of divorce in that action on several occasions, but it was denied due to his being in default under the terms of the interlocutory decree.

Plaintiff then alleges that on December 5, 1957, he obtained a divorce in Chihuahua, Mexico, and in reliance thereon, about January 4, 1958, he was remarried in Riverside County by a clergyman in Palm Springs. The clergyman's affidavit shows that plaintiff's present wife came to him and stated the legal transactions connected with plaintiff's divorce proceedings and that after due consideration he concluded this was a Christian marriage and should be solemnized without the benefit of a marriage license under Civil Code, section 79, and that such a ceremony was performed and a certificate of marriage delivered to the parties.

Plaintiff brought this action to clarify his marital status, either by way of divorce or by declaratory relief. An order for publication of summons was obtained under Code of Civil Procedure, section 413, and summons was published and per-

sonal service was had on defendant wife in Waco, Texas, on May 29, 1958. She failed to appear, and the court entered her default. After hearing some evidence and considering the argument and points and authorities presented by plaintiff, it found, generally, that it had jurisdiction over the parties but not of the subject matter. It denied an interlocutory decree of divorce and plaintiff's request for custody of the children. Judgment was entered accordingly. Although it is not specifically stated, the court apparently refused to declare plaintiff's marital status.

Defendant failed to appear at the hearing or to file a brief on appeal. Her whereabouts are not indicated by the record. The case was submitted on appellant's opening brief and the record before us. Plaintiff now argues on his appeal that in the absence of a demurrer, the complaint on file would support a default judgment in his favor; that the cause of the action for divorce here indicated states facts arising *after* the interlocutory decree was entered in the Los Angeles County case, and that he is entitled to a judgment thereunder; that since the former adjudication was not pleaded by defendant, the court could not recognize it, citing such authority as *Stitt* v. *Stitt,* 8 Cal.2d 450 [65 P.2d 1297]; *Spitzer* v. *Superior Court,* 74 Cal.App. 494 [241 P. 270]. It is then claimed that where plaintiff and his former wife have separated for more than five years and he has remarried, public policy should be to settle the matter in this form of proceeding, citing *Kirsch* v. *Kirsch,* 119 Cal.App.2d 271 [259 P.2d 444].

As to the finding of the trial court that it lacked jurisdiction over the subject matter, it might well be concluded from the record that the custody of the children was awarded to the mother in the interlocutory decree of divorce in Los Angeles County, and they are now domiciled with the mother in Texas. It is apparent, under the service of process obtained, that the trial court lacked jurisdiction to modify the interlocutory decree by this proceeding and award partial custody of the children to plaintiff. (*De La Montanya* v. *De La Montanya,* 112 Cal. 101 [44 P. 345, 53 Am.St.Rep. 165, 32 A.L.R. 82]; *Dorman* v. *Friendly,* 146 Fla. 732 [1 So.2d 734]; *In re Vanderwarker's Estate,* 81 Minn. 197 [83 N.W. 538, 50 L.R.A. 663]; 16 Cal.Jur.2d 545, § 257; Code Civ. Proc., § 417.)

The interlocutory decree in Los Angeles was subject to amendment in reference to any change in custody. (*Marts* v. *Marts,* 15 Cal.App.2d 224 [59 P.2d 170]; *Davis* v. *Davis,*

177 Cal.App.2d 75 [1 Cal.Rptr. 923]; 16 Cal.Jur.2d 557, § 266; *Sampsell* v. *Superior Court,* 32 Cal.2d 763 [197 P.2d 739].)

The denial of the divorce was authorized under the facts indicated. Even though it was not pleaded as a defense, plaintiff produced the undisputed evidence in reference to the former interlocutory decree of divorce in Los Angeles County; that said decree was still in effect; that he recognized it and had unsuccessfully, on several occasions, attempted to obtain a final decree of divorce therein but was refused this demand because he had not complied with its provisions.

The evidence as to subsequent conduct of defendant bearing upon plaintiff's claim of defendant's desertion and extreme mental cruelty was not too convincing. The complaint merely alleged that since the marriage of the parties, and since the aforesaid interlocutory divorce decree, defendant has treated plaintiff with extreme cruelty and has wrongfully and maliciously inflicted upon him grievous mental suffering; and that more than one year prior to the filing of his complaint, Gladys L. Burt, in violation of her marriage vows and without just cause or provocation, wilfully deserted and abandoned plaintiff and has continued to live separate and apart from him.

The only testimony of plaintiff was that everything he "alleged in the complaint" in this respect was true. His corroborating witness, his present claimed wife, testified she had known plaintiff since 1956 and that plaintiff had resided in California, to her knowledge, for three years, and that she was "familiar with some of the facts of cruelty alleged in the complaint."

The court was authorized to deny a divorce on this evidence alone, since the facts stated were nothing but conclusions. In *Negley* v. *Negley,* 82 Cal.App.2d 355 [186 P.2d 151], this court held that where the wrong complained of by the injured spouse is grievous mental suffering with no claim of bodily injury, the grievous mental suffering is the ultimate fact which alone will entitle a party to a divorce and unless such mental suffering is established as a result of the acts of the other party, a judgment awarding a divorce cannot be sustained.

No specific acts of claimed extreme mental cruelty were alleged or proved. Accordingly, there was no new cause of action established in this respect and the same rule applies.

As to the prior pending divorce action and the interlocutory decree entered therein, plaintiff here brought this action for declaratory relief and divorce. In his complaint,

he fully set forth the facts respecting the prior action and asked that his rights be declared thereunder. His claim, under the decision of *Ungemach* v. *Ungemach*, 61 Cal.App.2d 29 [142 P.2d 99], that defendant should have pleaded this divorce action and the interlocutory decree entered therein by answer or demurrer before the court was authorized to consider it is not meritorious, particularly where the complaint shows on its face that plaintiff would be estopped from obtaining another decree of divorce by such prior proceedings. ▆ It is the general rule that a pleader is bound by the allegations contained in his complaint. (*Melikian* v. *Truck Ins. Exchange*, 133 Cal.App.2d 113 [283 P.2d 269] ; 39 Cal.Jur.2d 23, sec. 14.)

▆ In *Phoenix Mutual Life Ins. Co.* v. *Birkelund*, 29 Cal.2d 352, 363 [175 P.2d 5], it is said the general rule is that one who relies upon estoppel or laches as a defense must plead facts constituting such estoppel or laches, but such rule does not apply where the facts appear on the face of the adversary's pleading. Plaintiff concedes in his points and authorities, "that the prior Interlocutory Judgment would be a valid bar and estoppel *as far as it goes,* if it were pleaded affirmatively in this action."

The court was authorized to find, under the facts pleaded and proved by plaintiff, that he was not entitled to a divorce or custody of the children in view of the prior pending action. (*Simmons* v. *Superior Court*, 96 Cal.App.2d 119 [214 P.2d 844, 19 A.L.R.2d 288] ; *Borg* v. *Borg*, 25 Cal.App.2d 25 [76 P.2d 218] ; 18 Cal.Jur.2d, § 13, p. 412.)

Plaintiff claims in his brief that this second action for divorce on the grounds of desertion and extreme mental cruelty was predicated on facts arising *after* entry of the interlocutory decree in Los Angeles County, and is therefore a new matter for all intents and purposes, citing such authority as *Greer* v. *Greer*, 135 Cal. 121 [67 P. 20] ; and *Greer* v. *Greer*, 142 Cal. 519 [77 P. 1106], which do not appear to be applicable, and *Lane* v. *Superior Court*, 104 Cal.App. 340 [285 P. 860], where a reconciliation was involved. Here there is no evidence of any reconciliation.

▆ In 16 California Jurisprudence 2d 412-413, section 123, it is stated that:

"Although the interlocutory decree does not end the marriage relationship, and one of the purposes of postponement of entry of final judgment is to provide an opportunity for reconciliation and resumption of marital relations, nevertheless, after entry of the interlocutory decree and until some

change is effected either by legal act or reconciliation, the law contemplates the termination of personal relations between the parties. The law permits a separation and recognizes it as rightful in substance.''

See also *Hirschfeld* v. *Hirschfeld,* 165 Cal.App.2d 474 [332 P.2d 397] ; *Brooks* v. *Brooks,* 53 Cal.App.2d 95 [127 P.2d 296] ; *Barker* v. *Barker,* 139 Cal.App.2d 206, 214 [293 P.2d 85].)

In *Ewing* v. *Ewing,* 16 Cal.2d 208 [105 P.2d 586], it was said that to constitute a cause of action for divorce, on the ground of desertion, absence must continue for one year without the consent of the spouse seeking the divorce. Here, no such showing was made and under the circumstances related could not reasonably be made. That case further held that the wife, by her original charge in her cross-complaint for cruelty and prayer for an absolute divorce, in effect assented to the separation and expressed her desire to terminate the marriage as of that date, and from the time of the amendments neither party could justly claim that the necessary elements for desertion were present. No desertion was here shown as a new cause of action.

It is true the trial court did not directly determine the effect of the so-called Mexican decree of divorce. Suffice to say at the trial plaintiff did not produce any evidence of a final decree of divorce in Mexico. The only decree in this respect was lodged with this court on June 13, 1960, as a part of plaintiff's brief on appeal. It recites generally:

''The Honorable Efrain Baca Garcia, Clerk of the Third Civil Court of the District of Bravos, State of Chihuahua, Republic of Mexico, certifies: That in the suit for necessary divorce filed by Attorney Javier Alvarez M., as special attorney for Mr. William Otis Burt, against Mrs. Gladys Louise Fergeson Burt, an order—was issued reading as follows:—ORDER: 'Ciudad Juarez, Chihuahua, august twenty-three, nineteen-hundred and fifty eight.—To be recorded the writ presented by Attorney Javier Alvarez M., as special attorney for the plaintiff in this case and as prayed, due to the fact that no appeal was presented against the judgment issued in this action, in accordance with provisions of Articles 38 and 39 of the Divorce Law in force, it is declared that said judgment has become final. Notify it.—Thus ordered and signed—by the Hon. Third Civil Judge of the District of Bravos.—attest: Samuel Maynez. —E. Baca G.—Signed.' ''

This is certified on the twenty-third day of August, 1958 to be a true and correct copy taken from its original.

It will be noted that it does not affirmatively appear therefrom that the plaintiff appeared in person in securing the divorce or that defendant in that action was ever served in any manner. Neither the decree nor the provisions of the Mexican divorce law applicable were revealed in the trial of this action, and the surrounding facts in reference to the divorce proceedings are not indicated. Plaintiff himself testified that the Mexican decree of divorce was ''of possibly some doubtful legal implications'' and that there was no final decree of divorce between himself and Gladys L. Burt. In *Halvorsen* v. *Halvorsen*, 44 Cal.App.2d 211 [112 P.2d 28], this court had before it the question of the validity of a Mexican divorce decree obtained in Tijuana, Mexico, and it was held that a decision on the merits required not only the taking of evidence as to the pertinent laws of Mexico but also requires the taking of considerable evidence as to the existing facts. ▮ In Witkin, Summary of California Law, volume 3, page 2607, section 58, the late cases are analyzed in comparison with former cases which held: ''A divorce obtained by the signing of documents purporting to submit the cause to the jurisdiction of a Mexican court, where neither party is domiciled there, is void, even though both parties sign the consent to the decree,'' and said, after the decision in *Scott* v. *Scott*, 51 Cal.2d 249, 256 [331 P.2d 641]:

''The valid judgments of courts of other countries should therefore be respected unless they run counter to local policy. The public policy of California may not permit the recognition of a foreign divorce decree when the foreign jurisdiction has no legitimate interest in the marital status of the parties, when the sole purpose of seeking the divorce in a foreign court is to evade the laws of this state [citation], or when the divorce is ex parte without reasonable notice to the defendant.'' (Citing authorities.)

▮ Under the evidence here presented, the court was authorized in refusing to give relief to plaintiff in the declaratory relief action.

▮ The attempted marriage under Civil Code, section 79, contemplates that the marriage must be of *unmarried* persons living together as husband and wife before they are entitled to the benefits of that section. Under the record before us, there is no showing that both parties were unmarried at the time. (*Encinas* v. *Lowthian Freight Lines*, 69 Cal.App.2d 156, 163 [158 P.2d 575].)

It does not appear from the facts related and the conclusions reached that public policy demands that it should be here held that the legal status of the plaintiff and his wife should be here determined.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 25, 1961.