[Brainard v. Singo, et al.]

# Brainard *v.* Singo, *et al.*

## *Bill to Set Aside a Sale and to Declare a Trust.*

(Decided Jan. 13, 1910.—51 South. 522.)

1. *Trusts; Fiduciary Relations.*—The contract of employment as complainant's attorney having terminated on the rendition of the probate decree, the fact that shortly after the decree setting aside the land to the widow of the testator as a homestead, defendant, who had been the complainant's attorney in opposing the homestead claim, bought the land from the widow for his own benefit, for less than its value, does not raise a trust in favor of complainants, to whom the land was devised, in the absence of fraud or collusion between the attorney and the widow.

2. *Same; Fraud; Attorney and Client; Pleading.*—The allegation in a bill that the respondent, who was employed as an attorney for complainant to oppose the setting aside of a homestead for the widow, did not represent in good faith and to the best of his ability, complainant's interests at the time, is not sufficient to show fraud, it not being otherwise shown that the decree of probate would not have been the same had respondent represented complainants with great skill and ability.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

Bill by Will Singo and others against Mark D. Brainard to set aside a sale and to enforce a trust. From a decree overruling demurrers to the bill respondents appeal. Reversed and remanded.

GOODWYN & MCINTYRE, and J. WINTER THORINGTON, for appeallant.—The allegation of fraud was not sufficient and the bill was without equity.—*McDonald v. Pearson,* 114 Ala. 630; *Reynolds v. Excelsior Co.,* 100 296; *Longheim v. First Nat· Bank,* 98· Ala. 521. The bill was wanting in necessary parties and no reason is given for their omission.—*Prout v. Hoge,* 57 Ala. 28; *Parker v. Parker,* 99 Ala. 239. At the time the purchase was made the contract of employment had ceased.—*Baker v. Humphrics,* 101 U. S. 500.

23—164

[Brainard v. Singo, et al.]

WARREN S. REESE, for appellee.—The demurrer was general and unless the bill was without equity it was properly overruled.—*Seals v. Robinson,* 75 Ala. 363. The facts in the bill revealed a confidential relation, and such a state of facts as to invoke the aid of a court of equity.—*Noble v. Moses,* 81 Ala. 530 and cases there cited. See note in 38 Am. Rep. 388. As to relationship of attorney and client see.—*Mahone v. Kelly,* 54 Ala. 552; *Yonge v. Hooper,* 73 Ala. 119. Counsel discuss other features of the evidence not necessary to be here set out.

DOWDELL, C. J.—This appeal is taken from an interlocutory decree on demurrer. The first ground of the demurrer goes to the equity of the bill as a whole, and according to the view we take of the case it is unnecessary to consider any other ground.

The allegations of the bill show that the land in question originally belonged to George Singo, deceased, who by his last will and testament devised the same to the complainants; that Dorcas Singo, the widow of the said George, upon his death filed her petition in the probate court of Montgomery county to have the said lands set aside to her as a homestead; that respondent was employed by the complainants as an attorney at law to contest said petition; and that respondent accepted said employment and represented complainants in the probate court on the contest of said petition. The bill further shows that the land was by the decree of the probate court set aside as a homestead to said Dorcas. The jurisdiction of the probate court is not questioned, and the fact that the said Dorcas was the widow of the said George Singo, deceased, was necessarily determined by the decree of the court setting aside the homestead to her as such. There is no pretense that there was any

fraud or collusion between the respondent and the said Dorcas in the procurement of said decree. By the decree, under the statute, the title to the land vested absolutely in the widow, the said Dorcas. The bill shows that the contract of employment of the respondent as an attorney by the complainants terminated upon the rendition of the decree; that is to say, the relation of confidence and trust between client and attorney had ended. It is averred that shortly after the rendition of the decree setting aside the homestead, and within a few days, the respondent purchased the land from the said Dorcas, for a consideration of $250, a sum greatly less than the true value, taking title to himself.

The period of time elapsing between the rendition of the decree and the purchase by the respondent, whether long or short, in the absence of any charge of fraud or collusion between the respondent and the said Dorcas, can be of no signficance. It is not claimed or pretended that the respondent acted for the complainants in the purchase of the land; but, on the contrary, it is alleged that he purchased for his own benefit. The price paid, whether adequate or not, was a matter between the respondent and the said Dorcas, and did not concern the complainants, in the absence of any charge of fraud or collusion, as already suggested affecting complainants' rights. The bill does aver that the respondent, in the proceedings before the probate court, "did not represent in good faith and to the best of his ability complainants' interest at this time." Such an averment falls short of charging the respondent with fraud. He might have represented the complainants with great ability and skill as an attorney, and yet, so far as is charged in the bill, the decree of the probate court would have been the same. The bill is fatally defective in the averment of facts sufficient to raise up a

trust between the complainants and the respondent in the purchase of the land and to call for an accounting. Nor are the facts stated sufficient to warrant the conclusion of fraud and collusion in the procurement of the decree in the probate court.

The bill in our opinion is wanting in equity, and the court erred in not sustaining the demurrer. The decree of the city court will be reversed, and one will be here rendered sustaining the demurrer.

Reversed and rendered, and remanded.

ANDERSON, SAYRE, and EVANS, JJ., concur.