Todd *v.* Cochell.

---

## TODD *v.* COCHELL *et al.*

In an action for injuries to a garden, occasioned by the breaking of a reservoir, the Court instructed the jury, that to entitle plaintiff to recover, it must appear that the breaking of the reservoir resulted from the gross negligence of defendants; and then proceeded to explain that defendants must have taken the same care of their reservoir, and of the water in it, as they would have done, being prudent men, had the garden of plaintiff been their property; and that otherwise, they had been guilty of gross negligence, and were liable in damages: *Held*, that although the instruction without the explanation was wrong, still, with the explanation it was right, and could not have misled the jury.

Appeal from the Ninth District.

Verdict for defendants; judgment accordingly, and plaintiff appeals.

*E. Garter*, for Appellant, cited 2 Kent, 282, note 1; 1 Cow. Tr. 384–387 and cases cited; 8 Johns. 421; 17 Id. 92, 93, 100.

*R. T. Sprague*, for Respondents, cited *Turney* v. *Miners' Ditch Co.*, 7 Cal. 335; *Hoffman* v. *Tuolumne Water Co.*, 10 Id. 413; *Wolf* v. *St. Louis Water Co.*, Id. 541.

Wills v. Kempt.

COPE, J. delivered the opinion of the Court—BALDWIN, J. and FIELD, C. J. concurring.

This is an action for injuries to a garden, occasioned by the breaking of a reservoir. On the trial of the case, the Court instructed the jury, that to entitle the plaintiff to recover, it must appear that the breaking of the reservoir resulted from the gross negligence of the defendants. This instruction, considered by itself, was no doubt erroneous; but the Court proceeded to explain what was meant by gross negligence in such a manner that the jury could not have been misled. They were told that the defendants must have taken the same care of their reservoir and the water in it, as they would have done, being prudent men, had the garden of the plaintiff been their property; and that otherwise they had been guilty of·gross negligence, and were liable in damages. We understand the law to be well settled, that the measure of care required in such case is that which a discreet person would use if the whole risk were his own. The conduct of the defendant must be viewed with reference to the caution which a prudent man would, under the given circumstances, have observed. This is the rule laid down in *Hoffman* v. *Tuolumne County Water Co.*, (7 Cal. 413) and in *Wolf* v. *St. Louis Water Co.* (Id. 541).

We think the case was fairly submitted to the jury, and we are unable to perceive that any injustice has been done.

Judgment affirmed.