------•◆------

## SUPREME COURT.

### NATHAN L. BENSEN agt. LEONARD S. SUAREZ.

Where an *unsafe, dilapidated building* falls and injures the property of another adjoining, the *owner* of such building is liable for such injury, although the building and premises upon which it stood were *leased to a tenant*, reserving rent. Especially is the owner liable where he covenants in the lease to keep the premises in repair.

A *tenant* is in *lawful possession* of premises where he has the actual consent of the lessee and the landlord, although there is a clause in the lease that the lessee shall not under-let without the consent of the *lessor in writing*.

*Albany General Term, May,* 1864.

*Before* Peckham, Miller *and* Ingalls, *Justices.*

This is a motion for a new trial on a bill of exceptions. The cause was tried at the Albany circuit, November, 1863, before Justice Hogeboom and a jury, where the plaintiff recovered a verdict for $500. The defendant asks for a new trial.

Henry Smith, *for the motion.*

Ira Shafer, *opposed.*

By the court, Peckham, J. The defendant insists that the judge erred in refusing to non-suit the plaintiff. I do not think so. The defendant was the owner of the tavern stand and appurtenances where the old shed fell. He had leased them to Finney, and covenanted to keep them in repair. He failed to keep this old shed on his premises in repair, and by reason of its being left in a weak and dilapidated condition it fell down, and drew down a shed adjoining to it of the plaintiff, and injured his wagons, &c., to the amount of the verdict. I am not at all clear that it was necessary to show any covenant to repair by the defendant, in order to sustain this action. " *Sic utere tuo ut alienum non lædas,*" is a sound maxim, and entirely applicable to this case. An owner has no right to erect a nuisance on his own land to the injury of his neighbors. He cannot erect so weak and unsafe a building that it shall fall in ordinary times from its mere insecurity and insufficient strength, and thus injure the building or property on his adjoining neighbor, without being responsible for that injury, nor can he suffer a building on his premises to become so much out of repair as to cause a like injury without being responsible, especially when he had notice of its condition and neglected to repair. Nor can he shield himself from liability in such case by charging negligence

Bensen agt. Suarez.

on his neighbor for presuming to occupy his own lot in a careful manner in the face of such a danger.

What is this but saying to his neighbor, "I have erected an unsafe and dangerous building on my lot, and you must allow yours to lie vacant and unoccupied, otherwise my building may blow down upon you and destroy your property." (*See Cook* agt. *The Ch. Trans. Co.* 1 *Denio*, 91; *and see La Sala* agt. *Holbrook*, 4 *Paige*, 173; *Panton* agt. *Holland*, 17 *J. R.* 92.)

Leasing premises to another, reserving rent, with such an unsafe building thereon, I do not think discharges the liability of the owner. Whether it does or not, however, is not material here, as the defendant in this case agreed to keep the building in repair. It is objected that it was only for hotel purposes that he agreed to keep in repair. That contract fully covers this case. They were not in sufficient repair for hotel purposes when they could not stand up in ordinary weather. I see no error in the charge of the judge. The plaintiff could, no doubt, be in the lawful possession of the premises leased to Finney without any covenant in writing from the defendant, the owner. He was in the actual occupation thereof. He had the consent of Finney, the lessee of the defendant, to be in. He had the actual consent of the defendant to be in also, but he had no written consent. As to whom then was he a wrong-doer? It is of not the slightest consequence that the lease provided that the lessee should not under-let without the consent in writing of the lessor. This was not an action upon the lease, and this plaintiff was no party to the lease. Surely by the consent of all the parties interested he could get into the lawful possession and occupation of the premises. He had all that as the jury have found, and as the evidence proved. Nor do I think the judge committed any error in refusing to charge as requested, and I think the remarks already made, if correct, show that he could not be required so to charge.

 ., A new trial is denied, and judgment ordered upon the verdict.