[No. 9,535.  Department Two.— July 25, 1884.]

## A. G. WEIDERKIND, RESPONDENT, v. TUOLUMNF COUNTY WATER CO., APPELLANT.

INSTRUCTIONS—CONSTITUTIONAL LAW.—The suit was brought to recover damages caused by an overflow of water by reason of the breaking of a dam, and the court charged the jury that unless the dam had gates sufficient for certain named purposes, it was insufficiently and negligently constructed. *Held,* that such an instruction charged them with respect to a matter of fact in violation of section 19 of article vi. of the Constitution.

ID.—In such an action, it is also error to instruct the jury that it was the duty of the defendant to *constantly* examine the dam during the season of freshets. Whether or not such a duty devolved upon the defendant might depend upon circumstances, and the question should have been left to the jury.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the head-note and opinion of the court.

*Edwin A. Rodgers,* for Appellant.

*Caleb Dorsey,* for Respondent.

SHARPSTEIN, J.—The objection to the plaintiff's testifying to a conversation between himself and the witness Ham should have been sustained. The evidence was inadmissible for any purpose.

We think the court overstepped the limit prescribed by section 19, article vi., of the Constitution, when it instructed the jury : " If you find from the evidence that the defendant did not have sufficient gates to let out the water, so as to prevent any break that occurred below the top of the dam from being enlarged by the continual flow of the waters through it, then said dam is insufficiently and negligently constructed. It should have had gates sufficient to let all the water out by degrees, so as to prevent a flood below by a sudden breakage of the dam."

It was proper to instruct the jury as to the degree of care and vigilance which the law devolved on the defendant in the construction and maintenance of its dam, and that if it neglected or failed to exercise that degree of care and vigilance it would be liable for such damages as any one might suffer from the dam's breaking away.

But when the court went beyond that, and instructed the jury that the dam was "insufficiently and negligently constructed," unless it had gates sufficient for a certain purpose, it charged with respect to a matter of fact. The court might as well have charged them, that, if the dam was not of certain dimensions, or constructed of a particular kind of material, it was insufficiently and negligently constructed. The defendant had a right to have the opinion of the jury on those questions.

And we think the court erred in charging that, "it was the duty of the defendant to *constantly* examine said dam during the season of freshets." That might depend on circumstances, and should have been left to the jury.

There was no error in refusing to give the first, and in modifying the third instruction, which the defendant requested to have given.

Judgment and order reversed.

THORNTON, J., and MYRICK, J., concurred.