[No. 15429. Department One.—May 22, 1894.]

JOHN CALLAHAN, APPELLANT, *v.* JOHN LOUGH-RAN, RESPONDENT.

LANDLORD AND TENANT—OBLIGATION OF LANDLORD TO REPAIR.—At common law the landlord was not, in the absence of a covenant or stipulation binding him so to do, liable to do any repairs, and the measure of his liability must be regulated by the standard of the statute.

ID.—LIMIT OF LANDLORD'S OBLIGATION.—A landlord is only required by the code to make and keep a dwelling-house tenantable, except as to such deterioration or injury as is caused by the negligence of the tenant; and as to repairs which he ought to make, his obligation is limited to the extent of the privilege conferred upon the tenant, either to apply one month's rent toward repairs, or to vacate the premises upon the failure of the landlord, after notice, to make such repairs.

ID.—DAMAGE TO TENANT—REPAIRS UNDERTAKEN BY LANDLORD—NEGLIGENCE.—Though a tenant cannot recover for damages sustained by dilapidation, where the landlord fails to repair upon notice; yet, if the landlord undertakes to make the repairs, whether pursuant to a contract, or to an obligation imposed by statute, or as a volunteer, he is bound to use ordinary care in the conduct of the work, and is liable for any injury caused by his negligence in performing it.

ID.—INJURY DURING PROGRESS OF REPAIRS—PLEADING—INSUFFICIENT AVERMENT OF NEGLIGENCE.—A complaint for damages against a landlord for injury to the wife of the tenant, which alleges that the landlord agreed to repair the stairs, and employed a carpenter for that purpose, and that the wife of the plaintiff believed that the repairing had ceased, and was injured upon descent of the stairs by a step placed thereon which was not nailed, but which does not aver that the work was completed in fact, nor that the landlord so represented or considered it, nor that by some declaration or act he induced her to believe that the stairs were safe, does not sufficiently charge negligence upon the landlord.

ID.—CONSTRUCTION OF PLEADING AGAINST PLEADER—VERIFIED COMPLAINT. —A pleading is to be construed most strongly against the pleader, and no intendments can be indulged in its aid; and the failure to aver material facts in a verified complaint must be construed as implying that they do not exist, and therefore could not be averred in a complaint under oath.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion.

*Frank Sullivan*, for Appellant.

The defendant is liable for the injuries received by plaintiff's wife, as it is well settled that even if the landlord is not bound to repair, yet, if he assumes to do so, and neglects to perform his obligations, or, in performing them, if an injury is caused by his want of skill, he is liable. (1 Taylor on Landlord and Tenant, sec. 175, p. 195; c. 6; sec. 175 a, p. 199; *Leslie* v. *Pounds*, 4 Taunt. 649; *Payne* v. *Rogers*, 2 H. Black. 350; *Benson* v. *Suarez*, 43 Barb. 408; *Glickauf* v. *Maurer*, 75 Ill. 289; *Watkins* v. *Goodall*, 138 Mass. 533; *Gregor* v. *Cady*, 82 Me. 131; *Gill* v. *Middleton*, 105 Mass. 477; 7 Am. Rep. 548; 1 Thompson on Negligence, p. 324; *Totten* v. *Phillips*, 52 N. Y. 354; *Elliott* v. *Pray*, 10 Allen, 378; 87 Am. Rep. 653; *Victory* v. *Foran*, 4 N. Y. Supp. 392; *McGuire* v. *Joslyn*, 10 N. Y. Supp. 384; *Roussinet* v. *Rebout*, 76 Cal. 454; *Hine* v. *Cushing*, 6 N. Y. Supp. 850, 856; *Kimmel* v. *Burfeind*, 2 Daly, 155; *Worthington* v. *Parker*, 11 Daly, 545.) The pleadings show no contributory negligence on the part of plaintiff's wife, and contributory negligence cannot be imputed to her in the

mere use of the premises. (*Looney* v. *McLean*, 129 Mass. 33; 37 Am. Rep. 295; *Dollard* v. *Roberts*, 8 N. Y. Supp. 432; *Marsh* v. *Chickering*, 25 Hun, 405.) If, by the acts of the defendant, plaintiff's wife was induced to believe that more vigilance was unnecessary, the lack of such vigilance is no bar to the action. (Shearman and Redfield on Negligence, sec. 28; *Totten* v. *Phillips*, 52 N. Y. 254.)

*W. H. Barrows*, for Respondent.

Under the statement of facts alleged the plaintiff has, no cause of action, and the demurrer was properly sustained. (*Van Every* v. *Ogg*, 59 Cal. 563, 565; *Sieber* v. *Blanc*, 76 Cal. 173; *Willson* v. *Treadwell*, 81 Cal. 58; *Tatum* v. *Thompson*, 86 Cal. 203, 205; *Dwyer* v. *Carroll*, 86 Cal. 298, 304; *Smith* v. *Buttner*, 90 Cal. 95; *Green* v. *Redding*, 92 Cal. 548, 551.) Plaintiff's wife was guilty of contributory negligence. (*Sieber* v. *Blanc*, 76 Cal. 173; *Willson* v. *Treadwell*, 81 Cal. 58.)

SEARLS, C.—This is an appeal from a final judgment in favor of defendant, rendered upon plaintiff's refusal to amend his complaint after an order sustaining defendant's demurrer thereto.

The only question involved relates to the sufficiency of the complaint.

According to its averments, plaintiff, John Callahan, and his wife were tenants of the defendant, they having leased from him five rooms in the second story of a tenement, at No. 115 Twentieth street, San Francisco. The rooms were connected with the backyard by a wooden stairway of thirty steps.

Defendant, at the time of entering into the lease, agreed with plaintiff and his wife to make all necessary repairs, and at various times during the tenancy did make repairs of various kinds. During the tenancy the stairs aforesaid became insecure, by reason of weak supports and a broken step, whereupon plaintiff and his wife notified defendant, who failed to make repairs, in

consequence of which plaintiff and wife notified defendant that they would vacate the premises or apply one month's rent to repair the same unless the stairway was repaired in a proper manner.

On the 10th of September, 1890, defendant, to prevent his tenants from leaving or applying a month's rent for repairs, agreed to do the same, and on that day attempted to repair the stairway, employed a carpenter, who performed work thereon and repaired the same.

On said tenth day of September, 1890, after defendant and his employee had, as plaintiff's wife believed, ceased repairs and made the stairway fit for use, she, the said wife, after the use of ordinary prudence, undertook to use the same, and while descending the said stairs, by reason of the negligent placing of a step on said stairs without nailing it, of which plaintiff's wife was ignorant, the step gave way whereby she was thrown down the stairs and injured.

The husband seeks to recover damages for the injury and expense sustained by him in the premises to the extent of five thousand three hundred dollars.

The demurrer raises two objections to the complaint.

1. That it does not state facts sufficient to constitute a cause of action.

2. That it is ambiguous and uncertain.

Among the specifications under this latter head are:

A. That it fails to set forth the facts upon which plaintiff's wife founded the belief that defendant had repaired the stairway, and made it fit for the use of human beings.

B. That it does not show what, if any, care plaintiff's wife took to ascertain whether or not repairs had been made, etc.

At common law the landlord was not, in the absence of a covenant or stipulation binding him so to do, liable to do any repairs whatever. (Woodfall's Landlord and Tenant, p. 595; Taylor's Landlord and Tenant, secs. 327, 328.)

It follows that the measure of defendant's liability must be regulated by the standard of the statute. Sec-

tion 1941 of the Civil Code provides that "the lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof, which render it untenantable, except such as are mentioned in section 1929."

Section 1929, referred to above, applies to such deterioration or injuries as are occasioned by the ordinary negligence of the hirer.

Section 1942 of the Civil Code provides as follows: "If within a reasonable time after notice to the lessor, of dilapidations which he ought to repair, he neglects to do so, the lessee may repair the same himself, where the cost of such repairs does not require an expenditure greater than one month's rent of the premises, and deduct the expenses of such repairs from the rent, or the lessee may vacate the premises, in which case he shall be discharged from further payment of rent, or performance of other conditions."

In *Van Every* v. *Ogg,* 59 Cal. 563, it was held that the tenant had no right to recover damages for dilapidation of the demised premises during the pendency of the tenancy, except such as is given by the statute, and as section 1942 of the Civil Code only gave the tenant the right to make repairs to the extent of one month's rent, or to vacate the premises upon the failure of the landlord after notice to make such repairs, that his remedy is confined to these measures, and he cannot recover beyond them for damages sustained by such dilapidation. In other words, the obligation of the landlord is said to be limited to the extent of the privilege conferred upon the tenant. (*Sieber* v. *Blanc,* 76 Cal. 173; *Willson* v. *Treadwell,* 81 Cal. 58; *Tatum* v. *Thompson,* 86 Cal. 203; *Green* v. *Redding,* 92 Cal. 548.)

From the result of the foregoing decisions counsel for the respondent draws the conclusion that, by the special agreement, the landlord assumed no obligations other than those imposed upon him by section 1941 of the

Civil Code, and that the damage for a breach of such obligation is limited by the provisions of section 1942 of the Civil Code. We agree with the learned counsel only in part.

In *Eblin* v. *Miller*, 78 Ky 371, it was held that a mere promise by the landlord to repair, based upon the tenant's agreement to relinquish a purpose of abandoning the premises, cannot be supported for want of a consideration.

Concede, then, for the purposes of the argument, that the contract, or promise, to repair was void for want of consideration, or that, if valid, it imposed upon the landlord no obligation different from, or in addition to, that of section 1942, and that upon its breach by failure of the landlord to make such repairs, the rights of the tenants would have been measured by that section, still, when the landlord undertook to make the repairs, whether pursuant to a contract or an obligation imposed by statute, or as a volunteer, he was in duty bound to use ordinary care in the conduct of the work.

At section 175 of Taylor on Landlord and Tenant the author says:

"Again, while the landlord is not, as such, bound to repair, yet if he assumes to do so, and neglects to perform his obligation, or, in performing it, if any injury is caused from want of skill in or proper selection of his workmen, he is held therefor," citing *Benson* v. *Suarez*, 43 Barb. 408; *Leslie* v. *Pounds*, 4 Taunt. 649; *Gill* v. *Middleton*, 105 Mass. 477; 7 Am. Rep. 548; *Glickauf* v. *Maurer*, 75 Ill. 289; *Watkins* v. *Goodall*, 138 Mass. 533.

The question still remains, Does the complaint sufficiently charge negligence upon the defendant?

I am of opinion this question must be answered in the negative, bearing in mind that the pleading is to be construed most strongly against the pleader, and that no intendments can be indulged in its aid. It may be summarized thus: On the tenth day of September, 1890, defendant agreed to repair, and on that day employed a carpenter to repair, and they examined the stairs and

performed work thereon, and repaired the same; that on the same day the wife of plaintiff, after she *believed* defendant and the carpenter had repaired the stairs in accordance with the agreement, in the exercise of ordinary prudence, attempted to use the stairs, and met with disaster, because the step was placed on the stairs and not nailed.

It will be observed that the plaintiff does not assert that the work was completed, but only that his wife *believed they had ceased repairing it, etc.*

Plaintiff and his wife had notice that repairs were being made, and it is apparent, from the complaint, that pending those repairs the stairs were unsafe; that there was a stage in the progress of the work when, without any negligence on the part of defendant, just the conditions existed which met the wife of plaintiff when she attempted to descend the stairs. She *believed* the work was completed, but it is not averred that it was so in fact, or that defendant so represented or considered it.

It was her duty, while repairs were progressing of which she had notice, to make sure that the repairs were either completed or that the descent of the stairs was safe, or that the defendant, by some declaration or act, induced her to believe they were safe.

Had the repairs been completed we are authorized to believe it would have been averred in the complaint, and not having been so averred, we must conclude the facts did not authorize the averment, and the failure to aver other facts showing negligence on the part of the defendant must be construed in the light of what are no doubt the very facts in the case, viz., that they did not exist, and therefore could not be averred in a complaint under oath.

The demurrer was properly sustained, and the judgment appealed from should be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.