[No. 28. Third Appellate District.—July 6, 1905.]

## CHARLES BACON, Respondent, v. KEARNEY VINE-YARD SYNDICATE, Appellant.

Negligence—Flooding of Vineyard from Defective Ditch—Liability for Damages.—The owner of a ditch used for irrigation, one of the head-gates of which was in poor condition and very defective, and which was operated in such a defective manner that the water flowing therein burst from it and flooded plaintiff's vineyard to his damage, is guilty of negligence, consisting of injury occasioned to another by want of ordinary care, and is liable to plaintiff, who was without contributory fault, for all resulting damages.

Id.—Proof of Negligence—Declaration of Foreman—Harmless Error.—Where there was abundant evidence, without substantial conflict, to prove the defendant's negligence, error in the admission of the declaration of defendant's foreman on that subject, without sufficient proof of his authority, will be deemed harmless.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinon of the court.

M. K. Harris, for Appellant.

Frank Kauke, for Respondent.

BUCKLES, J.—This is an action for damages resulting from flooding the plaintiff's vineyard, alleged to have been caused from the negligence and carelessness of defendant and its agents in keeping and operating certain water-ditches, dams, and head-gates therein and the water running therein on to lands of defendant for irrigating, and which lands are near those of plaintiff. The answer specifically denies all the allegations of the complaint. The case was tried before the court without a jury and the judgment was for the plaintiff for the sum of $378 damages, with interest thereon at seven per cent per annum from date until paid, and for $62.25 costs. A motion was made for a new trial and denied. The appeal is taken from the judgment and from the order denying the motion for a new trial.

The evidence is before us in the statement settled on motion for new trial, from which evidence it appears that these are undisputed facts, viz.: 1. That defendant owned an artificial ditch used for irrigating his field of alfalfa, in which ditch are several head-gates and a dam to increase or lessen the flow of the water and to prevent the escape of the water on to other lands; 2. That plaintiff owns a vineyard of twenty acres near the said ditch; 3. That the grapes in said vineyard were near ripening; 4. That grapes in a condition of ripening would be injured by allowing the water to run over the surface of the ground around the vines; 5. That the water did escape from defendant's said ditch and did flood a part of the plaintiff's vineyard; and 6. That plaintiff's grapes were damaged by reason of the vineyard being flooded by the water escaping from defendant's ditch.

There is no claim of contributory negligence, and there is no evidence tending to show that plaintiff was in any way to blame for the flooding of his said vineyard. The defendant had the right to use said ditch and to run the water therein for the purposes of irrigating his field of alfalfa. The rule in such cases, as we understand it, is well settled, and is this: The owner of an artificial ditch through which flows water for domestic uses or for irrigation, as in this case, is bound to keep such ditch in repair so that the water running therein will not break through or escape therefrom and damage the land or crops of another, and that if through any fault or negligence of his in not properly managing the ditch, or keeping it in repair, the water does escape therefrom and injures the lands or crops of another, he is liable and the law will hold him responsible for whatever damage may be done. (*Richardson* v. *Kier*, 34 Cal. 75, [91 Am. Dec. 681]; *Shields* v. *Orr etc. Ditch Co.*, 23 Nev. 355, [47 Pac. 194]; *Losee* v. *Buchmann*, 51 N. H. 487.)

Defendant quotes numerous authorities to show that "one who does a lawful act upon his own premises cannot be held for injuries resulting unless the act was done in a way to indicate negligence." This is so well known and so firmly a part of our system that there is no need of repeating the cases here in which the doctrine has been announced. The evidence for both plaintiff and defendant here shows that at least one of the head-gates in said ditch was in a poor con-

dition and very defective, and operated in such a defective manner that the water flowing in said ditch burst from it and ran down on to plaintiff's vineyard. The witness Harkness, the defendant's foreman, testified: "This head-gate A was leaking, and that is why we put the dam in." This dam was put in, however, after the water had burst out of the ditch and overflowed a part of plaintiff's vineyard. The evidence clearly shows the head-gates in said ditch were defective, and that it was by reason of their defect that the water was allowed to flow in too large a volume, thus rushing out and overflowing plaintiff's land. To allow the head-gates to become leaky and so they would not hold back the water sufficiently to keep it from escaping on to plaintiff's vineyard was negligence. Negligence is defined to be, "injury occasioned to another by want of ordinary care," etc. Had the water been permitted to break out and overflow plaintiff's vineyard at a time when no injury could have resulted from the overflow, then there would have been no negligence in a legal sense, because no injury.

Error is claimed by the court permitting witness Grummett to testify as follows: "On one occasion . . . I met Mr. Tcherassy, the foreman of the Kearney Vineyard Syndicate; on Saturday evening I met him in town and had a conversation with him in regard to this flooding of Mr. Bacon's vineyard." Question. "What did he say in regard to how it was done?" The defendant objected to the question on the ground that it was incompetent, irrelevant, and immaterial, because Tcherassy was not shown to be the foreman for the defendant for this particular ditch, and whatever he might say could not bind the defendant. The objection was overruled and the witness answered: "He said he had notified the ditch man to be a little more careful, and that this happened through his carelessness." The negligence had been conclusively established by the evidence given by the testimony of the witnesses Bacon, Dow, and Lewis, the last being a witness for the defendant, and afterwards corroborated by the witness Harkness. If it was error to have admitted this evidence it could not have injured the defendant. While it might tend to prove negligence, yet there was abundant evidence, as has been seen, which was without substantial conflict on that point, to show negligence on the defendant's part,

and the error will be deemed harmless. (*Silvarer* v. *Hansen*, 77 Cal. 579, [20 Pac. 136]; Code Civ. Proc., sec. 475.)

The judgment and order appealed from are affirmed.

Chipman, P. J., and McLaughlin, J., concurred.