[S. F. No. 7290.    Department One.—May 31, 1917.]

## CHARLES MOORE, Appellant, v. SAN VICENTE LUMBER COMPANY (a Corporation), Respondent.

ENJOINING MAINTENANCE OF MILL-POND—DAMAGES FOR PAST INJURIES —RIGHT TO JURY TRIAL.—An action to enjoin the maintenance of a mill-pond and to recover damages for past injuries to plaintiff's lower land, alleged to have been caused by it and by the breaking of its dam, is more than an action for the abatement of a nuisance, and the plaintiff is entitled to a jury trial on the issues as to damages.

ID.—INSTRUCTIONS—REVIEW ON APPEAL.—Alleged error in refusing to give or in modifying requested instructions, unsupported by either argument or citation of authority, will not be reviewed on appeal.

ID.— COMPLAINT BASED ON TWO CAUSES OF ACTION — RECOVERY BY PLAINTIFF.—Where a complaint sets forth two independent causes of action, it would be erroneous to instruct the jury to return a verdict for the defendant unless the plaintiff proved both causes of action alleged. The instructions criticised in the present case cannot be given such interpretation.

ID.—INSTRUCTION AS TO NUISANCE.—In such action it was proper, as part of an instruction dealing with the subject of nuisance alone, to instruct the jury that in order to find for the plaintiff they must find that the defendant was maintaining a nuisance. Such instruction could not have been understood as limiting the right of the plaintiff to recover damages for any injury not included under that head.

ID.—NEGLIGENCE IN CONSTRUCTING AND MAINTAINING DAM.—In determining the issue whether the breaking of the dam was due to negligence, the jury were properly instructed that the conduct of the defendant in constructing and maintaining the dam must be viewed with reference to the caution which a prudent man would, under the given circumstances, have observed, provided he owned the land below.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

John H. Leonard, and Harry Rhys Davids, for Appellant.

Charles M. Cassin, and Charles B. Younger, for Respondent.

SLOSS, J.—The defendant, San Vicente Lumber Company, operates a saw-mill upon land owned by it in the county of Santa Cruz. In connection with its mill it maintains a pond which it has created by the construction of a dam upon its land.

The plaintiff is the owner of adjoining lands, of which a part lie immediately below the dam. This action was brought to enjoin the maintenance of the pond, and to recover damages for injuries alleged to have been occasioned by it and by a breaking of the dam to plaintiff's land. Trial was had before a jury, which returned a verdict in favor of the defendant. The court adopted the verdict, and also made find-

ings, upon which it entered judgment in favor of the defendant. The plaintiff appeals from the judgment.

The complaint was in two counts. The first alleges that the construction of the dam backed up the water and flooded a part of plaintiff's lands; that, owing to defective construction, the dam broke in the winter of 1911 and flooded the lower land of plaintiff, depositing thereon a quantity of debris and a number of logs; that, in the removal of the logs, the land was injured greatly; and that, by reason of these occurrences, plaintiff has been damaged in the sum of ten thousand dollars. The second count, after repeating many of the matters contained in the first, alleges that the pond became stagnant and caused stenches and poisonous vapors to arise therefrom, to the injury and annoyance of plaintiff and his wife, who resided near by. Damages in the sum of ten thousand dollars were asked on this cause of action also.

The answer denied all of the allegations of injury and of damage. The appellant refers, in his brief, to some testimony tending to support the allegations of his complaint. On the other hand, the respondent points to substantial evidence offered by it to show that plaintiff's land was not injured by the maintenance of the pond or by the breaking of the dam, and that the pond did not create the unwholesome and annoying conditions complained of in the second count. There is no occasion to set out the testimony in detail. It is enough to say that on these vital issues the evidence was in sharp conflict, and that the verdict of the jury is therefore beyond the power of review here.

The only other questions presented are those arising on the instructions to the jury. The suit was more than an equitable proceeding for the abatement of a nuisance, in which the jury's function would be advisory, merely. The complaint also set up a legal claim for damages for past injuries, and the plaintiff was entitled to a trial by jury on the issues thus presented. (*Hughes* v. *Dunlap,* 91 Cal. 385, [27 Pac. 642].) He is therefore in a position to question the soundness of the instructions, in so far as they bear on the legal issues.

In his brief, the appellant first complains that four instructions requested by him should have been given. This contention is not supported by either argument or citation of authority, counsel contenting himself with the bare statement

that "the instructions in question should have been given."
We will not give any consideration to a point so presented.
(*Gavin* v. *Gavin,* 92 Cal. 292, [28 Pac. 567]; *Kyle* v. *Craig,*
125 Cal. 107, [57 Pac. 791]; *Gray* v. *Walker,* 157 Cal. 381,
[108 Pac. 278].)    The same observation applies to the claim
that the court erred in modifying an instruction requested
by the appellant.

It is argued, although in the briefest and most inadequate
way, that three instructions requested by the defendant were
improperly given.    Of the first of these, it is said that it
directed the jury that the verdict must be for the defendant
unless the plaintiff succeeded in proving both causes of action
alleged in his complaint by a preponderance of the evidence.
Such an instruction would, of course, be erroneous.    Where
a complaint contains two independent causes of action, plain-
tiff is entitled to recover if he establishes either.    But it is
by no means clear that the instruction should be given the
meaning attributed to it.    The language in which it is cast,
while not happily chosen, may be interpreted to mean that the
defendant is entitled to a verdict if the jury should find that
plaintiff had failed, on each count, to prove his case.    The
court gave several other instructions which told the jury in
plain terms that plaintiff was entitled to recover if he showed,
by a preponderance of evidence, that he has suffered damage
from any of the alleged wrongful or negligent acts charged
in his complaint.    Under these circumstances, the jury could
not have been misled by the giving of the questionable
instruction.

It was not error to instruct the jury that in order to find
for the plaintiff they must find that the defendant was main-
taining a nuisance.    This was part of an instruction dealing
with the subject of nuisance alone, and could not have been
understood as limiting the right of the plaintiff to recover
damages for any injury not included under that head.    It is
impossible, of course, for a court to state the entire law in a
single instruction.    The charge must be read as a whole, and
so reading it in this case, we find no ground for complaint.

The last instruction assailed told the jury that, in deter-
mining the issue whether the breaking of the dam was due to
negligence, "the conduct of the defendant in constructing
and maintaining the dam must be viewed with reference to
the caution which a prudent man would, under the given

circumstances, have observed, provided he owned the land below.'' This is a correct statement of the law, as laid down in *Todd* v. *Cochell,* 17 Cal. 97.

No other point is made.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.