[Civ. No. 4827. First Appellate District, Division Two.—July 9, 1924.]

RACHEL M. BURROWES, Appellant, v. JOSEPHINE BOSWORTH et al., Respondents.

[1] LANDLORD AND TENANT—NEGLIGENCE—FALL BY OCCUPANT OF TENEMENT HOUSE DOWN STAIRWAY—ABSENCE OF LIGHTING—PLEADING—NONLIABILITY OF LANDLORD.—A complaint for damages for personal injuries sustained shortly after sunset by an occupant of a room in a tenement house in falling down a stairway after mistaking a door opening from a hallway into said stairway for a door leading into

---

1. Duty of landlord to light passageway common to tenants, notes, 14 Ann. Cas. 764; 19 Ann. Cas. 667; Ann. Cas. 1914D, 592; Ann. Cas. 1917E, 596; 25 A. L. R. 1312; L. R. A. 1915E, 445; 1 B. R. C. 107.

a toilet-room, which she intended to enter, fails to state a cause of action against the owner of the tenement house, where it alleges that a tenant of the owner was in possession of the house, the fact of ownership at the time of the accident and, thereafter, to the date of the commencement of the action, and that the plaintiff's injuries were caused by the carelessness and negligence of the owner and tenant in this, that "the said hallway, toilet-room and stairway, at the time of said accident were and each of them was unlighted by any means and they were, and each of them was, dark."

[2] PLEADING—PRESUMPTIONS.—"Presumptions are always against the pleader, and all doubts are to be resolved against him, for it is to be presumed that he has stated his case as favorably as possible to himself."

(1) 36 **C. J.**, p. 250, sec. 971.   (2) 31 **Cyc.**, pp. 78, 79.

APPEAL from a judgment of the Superior Court of Alameda County.   James G. Quinn, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Philip M. Carey and Ford & Johnson for Appellant.

Fitzgerald, Abbott & Beardsley for Respondents.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment on the pleadings entered upon motion of the defendant and respondent Eliza Hyde.   The only question involved upon the appeal is: Does the complaint state facts sufficient to constitute a cause of action against the respondent?

The complaint alleged that the respondent "is now and was at all times herein mentioned, the owner of that certain tenement house . . . in the city of Oakland" more particularly described in the complaint; "that the defendant, Josephine Bosworth, was at all of the times herein mentioned the lessee and in possession of said tenement house, as such lessee; that at the time of the accident complained of, plaintiff was an occupant of one room in said tenement house rented of the lessee by H. Polglase; that in connection with the rooms of said apartment upon the first floor thereof a

2.  See 21 **R. C. L.** 464.

toilet room was maintained by defendants for the use of the occupants of said apartment. That said toilet room was located on the west side of a hallway, which said hallway connected the said toilet room with the said apartment which plaintiff was occupying as aforesaid. That in order to go to said toilet room it became and was necessary for her to pass along and through said hallway to the door leading from said hallway into said toilet room. That on the 24th day of June, 1922, at the hour of about 6:30 P. M. and after sunset, plaintiff, intending to go to said toilet room and enter the same, walked along and through said hallway to a door which she believed and supposed to be the door leading into the said toilet room but which, in fact, led to a public stairway to the basement of said tenement house, and opened said door for the purpose of entering said toilet room and in stepping forward for the purpose aforesaid, suddenly fell upon and down the said stairway, whereby she sustained great bodily injuries and shock, and was made sick, sore and disabled. That said injuries were occasioned by the carelessness and negligence of defendants, and each of them, in this: that the said hallway, toilet room and stairway, at the time of said accident, were and each of them was, unlighted by any means and they were, and each of them was, dark and plaintiff was, by reason of said unlighted and dark condition, unable to see the said stairway or to locate said toilet room, thereby causing plaintiff to mistake the entrance to said toilet room and to fall down the said stairway as aforesaid.''

Plaintiff then set forth her special items of damage, and prayed for general and special damages in the sum of $25,380.

To establish negligence the plaintiff relies upon the violation of certain provisions of an act known as the ''State Housing Act'' (Stats. 1921, c. 354, p. 485, sec. 66), wherein it is provided: ''In every tenement house or hotel there shall be installed and kept burning from sunrise to sunset throughout the year artificial light sufficient in volume to properly illuminate every public hallway, public stairway, fire escape egress, elevator, public water-closet compartment, or toilet room, whenever there is insufficient natural light to permit a person to read in any part thereof.''

There is no question involved upon this appeal as to the sufficiency of the complaint to state a cause of action against the tenant in possession of the premises, Josephine Bosworth.

[1] It is apparent from the foregoing that the only allegations against the respondent are that she was the owner of the tenement house at the time of the accident and, thereafter, to the date of the commencement of the action, and that the plaintiff's injuries were caused by the carelessness and negligence of defendants in this, that "the said hallway, toilet room and stairway, *at the time of said accident* were and each of them was unlighted by any means and they were, and each of them was, dark."

Appellant relies upon the case of *Rider* v. *Clark*, 132 Cal. 382 [64 Pac. 564], and asserts that the landlord is liable (1) when the nuisance occasioning the injury existed at the time the premises were demised, or (2) when the structure was in such a condition that it would be likely to become a nuisance in the ordinary and reasonable use of the same for the purpose for which it was constructed, and the landlord failed to repair it, or (3) when the landlord authorized or permitted the act which caused it to become a nuisance occasioning the injury. Under these rules, relied upon by the appellant, she has failed to charge the landlord. She has not alleged that the premises were not equipped with lights, but merely that certain portions thereof were "unlighted and dark," which might have been true because existing lights were not lighted. She has not alleged that the respondent was in possession of the premises at the time of the accident, either exclusively or jointly with her tenant, but, on the contrary, has alleged that the tenant was in possession. There is no allegation that the unlighted and dark condition of the premises existed at the date of the lease, or that the respondent was the owner at the date of the lease. There is no allegation that the respondent, by the terms of the lease, was required to equip the premises with lights or to keep them lighted.

We think that under no possible theory has the plaintiff stated a cause of action against the respondent. We are not at liberty to indulge in inferences regarding evidence which might have been produced, nor strain the language of the pleading to the advantage of appellant. [2] In the lan-

guage of *Silvers* v. *Grossman,* 183 Cal. 696 [192 Pac. 534], quoting a well-settled rule: ''Presumptions are always against the pleader, and all doubts are to be resolved against him, for it is to be presumed that he has stated his case as favorably as possible to himself.''

The judgment appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.