[Civ. No. 11391. First Dist., Div. One.—April 29, 1941.]

SOLOMON FELDESMAN, Appellant, v. WALTER Mc-GOVERN, Respondent.

Harry L. Meyers and George Olshausen for Appellant.

Keyes & Erskine and Douglas M. Moore for Respondent.

KNIGHT, J.—This is an action by a client against his attorneys for damages, based on allegations to the effect that they negligently failed to perform one of the duties for

which they were employed, namely, to file a petition for his discharge in bankruptcy. The respondent is one of the two attorneys sued. He appeared separately and his demurrer to the second amended complaint was sustained without leave to amend. Accordingly judgment was entered in his favor, and the client appeals. The record on which the appeal was taken does not disclose whether respondent's co-defendant was served with summons, or if so what disposition was made of the case as to him. ▆ The trial court's order sustaining the demurrer was general in terms; therefore, if it appears that the demurrer was well taken as to any of the grounds urged therein, the judgment based on the trial court's order must be affirmed. (*Haddad* v. *McDowell*, 213 Cal. 690 [3 Pac. (2d) 550], citing numerous authorities.)

▆ The principal ground of demurrer was that the second amended complaint failed to state a cause of action, and the important point urged in this behalf is that in an action brought by a client against his attorney for the latter's alleged negligence in failing to perform some act in behalf of the client, the complaint must not only specify the act, but must specifically allege and the plaintiff must prove that if the attorney had performed the act it would have resulted beneficially to the client. A large number of cases from other jurisdictions, including one from the federal court, are cited by respondent, which doubtless sustain the rule contended for by him. Among them are *Vooth* v. *McEachen*, 181 N. Y. 28 [73 N. E. 488, 2 Ann. Cas. 601]; *Maryland Casualty Co.* v. *Price*, 231 Fed. 397 [145 C. C. A. 391, Ann. Cas. 1917B, 50]; *Laux* v. *Woodworth*, 195 Wash. 550 [81 Pac. (2d) 531]; *Martin* v. *Nichols*, 110 Wash. 451 [188 Pac. 519]; *Schmitt* v. *McMillan*, 175 App. Div. 799 [162 N. Y. Supp. 437]. And in the following cases cited by him the attorney's demurrer was sustained and the judgment affirmed on appeal because of the fact that the client failed to allege specifically that if the attorney had not been negligent, the client would have been successful in the litigation: *National Hollow Brake Beam Co.* v. *Bakewell*, 224 Mo. 203 [123 S. W. 561]; *Brainard* v. *Singo*, 164 Ala. 353 [51 So. 522]; *Jones* v. *Wright*, 19 Ga. App. 242 [91 S. E. 265].

Respondent also cites the following California cases, which contain language indicating that the same rule prevails in this jurisdiction: *Lally* v. *Kuster*, 177 Cal. 783 [171 Pac. 961]; *McMillan* v. *Greer*, 85 Cal. App. 558 [259 Pac. 995];

*Martin* v. *Hood,* 203 Cal. 351 [264 Pac. 478]. In this regard the decision in the first of the three cases just cited contains the following: " '*He* [the client] *must allege and prove* that the claim was turned over to the attorney for collection; that there was a failure to collect; that this failure was due to the culpable neglect of the attorney, *and that, but for such negligence, the debt could, or would, have been collected.* . . . ' (6 Cor. Jur., p. 710, sec. 260, cited as authority in *Vooth* v. *McEachen,* 181 N. Y. 28 [2 Ann. Cas. 601, 73 N. E. 488].)" (Italics ours.)

The bill of exceptions upon which the appeal herein is presented embodies the first and second amended complaints, and neither contains any allegation which directly or by implication alleges that if appellant's attorneys had filed a petition for his discharge in bankruptcy, it would have been or he would have been entitled to have the same granted. Therefore, under the rule of the cases above referred to, the second amended complaint was fatally defective in stating a cause of action.

Appellant in effect concedes the existence of the rule as declared by the cases cited by respondent, but contends that while such rule is applicable where the attorney has been employed in contested civil litigation, it is not here controlling, because, so he contends, the granting of a discharge in bankruptcy is mandatory, unless the bankrupt has committed certain prohibited acts, and that these prohibited acts are in effect affirmative defenses which need not be pleaded. In this behalf appellant argues that other things being equal, the bankrupt is entitled to his discharge upon the mere filing of his petition, and any attempt to plead facts showing that the discharge would have been granted would be merely pleading that plaintiff had not committed any of the prohibited acts which might have prevented his discharge, which would amount to anticipating a defense.

As pointed out by respondent, however, the granting of a discharge is not mandatory; that is to say, a bankrupt is entitled to a discharge only if he has complied with the provisions of the Bankruptcy Act and has not committed any of the offenses listed. It is in effect so held in *In re Northridge,* 53 Fed. (2d) 858, wherein the court said: "The right to a discharge is not something which the bankrupt is entitled to for the mere asking. It is a high privilege which

should not be granted except in clear cases where all the statutory conditions and requirements have been fully met and complied with . . . '' (See, also, *In re Weisberger*, 41 Fed. (2d) 275; *Holmes* v. *Davidson*, 84 Fed. (2d) 111.) Furthermore, as respondent points out, in cases where the attorney was sued by the client for failure to enforce the collection of a note, it is held that the client must allege and prove not only that he would have obtained judgment on the note, but that the debtor was solvent and the judgment would have been collected; all of which are really matters of defense. Nevertheless, as contended by respondent, the cases hold they are not matters of defense in an action against the attorney, but are essential elements to the cause of action. (See *Lally* v. *Kuster*, *supra*, and authorities cited therein.)

■ Appellant also contends that even if such an allegation were necessary to the statement of a cause of action, its absence is not ground for affirmance of the trial court's order, because the defect could have been cured by amendment; and appellant asked permission to amend. However, so far as the record shows, in asking leave to amend he did not indicate how or in what manner he proposed to amend. As said in *Stewart* v. *Douglass*, 148 Cal. 511 [83 Pac. 699], ''When a demurrer is sustained to a complaint it is within the discretion of the court either to allow an amended complaint to be filed or to give judgment forthwith in favor of the defendant. The appellate court will in every such case sustain the action of the court below, whatever course it may take, unless it is made to appear by the record that there has been an abuse of discretion. The plaintiff merely asked leave to file an amended complaint, and, so far as the record discloses, did not show that there were any allegations of fact omitted from the complaint to which the demurrer had been sustained which, if inserted therein, would in any respect change its legal effect, nor make any statement whatever of the grounds or reasons for making the application for leave to amend. There was clearly no abuse of discretion shown. (*Kleinclaus* v. *Dutard*, 147 Cal. 245 [81 Pac. 516].) '' (See, also, *Marsh* v. *Lott*, 156 Cal. 643 [105 Pac. 968].) The action was pending prior to the adoption of section 472c of the Code of Civil Procedure, and therefore said section by its express terms has no application here. ■ Furthermore it

is well settled that the presumptions are always against the pleader, and all doubts are to be resolved against him, for it is to be presumed that he stated his case as favorably as possible to himself (*Joseph* v. *Holt,* 37 Cal. 250; *Silvers* v. *Grossman,* 183 Cal. 696 [192 Pac. 534]; *Burrowes* v. *Bosworth,* 68 Cal. App. 117 [228 Pac. 667]; *Higgins* v. *Security Trust and Savings Bank,* 203 Cal. 398 [264 Pac. 744]; *Smith* v. *Buttner*, 90 Cal. 95 [27 Pac. 29]); if a fact necessary to the pleader's cause of action is not alleged it must be taken as having no existence (*Hildreth* v. *Montecito Creek Water Co.,* 139 Cal. 22 [72 Pac. 395]; *Callahan* v. *Loughran,* 102 Cal. 476 [36 Pac. 835]).

Appellant makes the further contention that the complaint is sufficient even without the allegation in question, because it is alleged that his attorneys "negligently omitted" to obtain appellant's discharge; also because of the allegations relating to the matter of damages, citing *Dunn* v. *Dufficy,* 194 Cal. 383 [228 Pac. 1029]. However, that was a medical case, and presents an entirely different situation from the one with which we are here dealing. ▇ Nor does the rule of liberal construction embodied in section 452 of the Code of Civil Procedure permit the insertion, by construction, of averments which are neither directly made nor within the fair import of those which are set forth. On the contrary, facts necessary to a cause of action but not alleged must be taken as having no existence. (21 Cal. Jur., p. 54.) Moreover, it would seem that where as here a charge of breach of duty by an attorney has been made by a client, for which he is seeking damages, the attorney is entitled to insist that the complaint contain all allegations essential to the complete statement of a cause of action. As said in *Pennington Exrs.* v. *Yell,* 11 Ark. 212 [52 Am. Dec. 262], "As, in the very nature of things, a charge of this nature, if well founded, must seriously affect the professional character of the attorney, he is entitled, to the fullest extent, to the benefit of that rule of universal application extending to all the relations of society, that every one shall be presumed to have discharged his legal and moral obligations until the contrary shall be made to appear. (Citing cases.)"

Appellant has stated his cause of action in two counts, but what has been said applies with equal force to both counts; and in view of the conclusion reached on the point

discussed it becomes unnecessary to inquire into the remaining points made in support of the judgment, including the question of the statute of limitations, or to consider the correctness of the trial court's ruling striking out certain allegations relating to the elements of damages.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 26, 1941.