[Civ. No. 3284. Fourth Dist. June 13, 1945.]

KELLY C. CURCI, Appellant, v. PALO VERDE IRRIGATION DISTRICT, Respondent.

G. V. Weikert for Appellant.

Stewart, Shaw & Murphey for Respondent.

MARKS, J.—This is an appeal from a judgment entered after sustaining a general demurrer to a second amended complaint with leave to amend. Plaintiff failed to amend his pleading and has prosecuted this appeal.

The action is for damages resulting from water escaping from defendant's ditch and flooding forty acres of land planted to lettuce.

Defendant is a public corporation organized for the purpose, among others, of distributing water for public use through canals and ditches. (Stats. 1923, p. 1067; Deering's Gen. Laws, Act 3880.) Plaintiff was the lessee of the land in question and the owner of the lettuce crop.

Paragraph one of the second amended complaint alleges the corporate existence of defendant. Paragraph two alleges the tenancy of plaintiff and his ownership of the lettuce crop which was "ready for harvesting and marketing." Paragraph three alleges that defendant maintained and operated for public use a canal or ditch adjacent to plaintiff's leasehold. Paragraph four alleges as follows:

"That on or about the 28th day of February, 1943, while defendant was controlling, operating, maintaining and using its said irrigation system and the said property and works comprising the same and connected therewith for the public uses and purposes aforesaid, water flowing in and through said canal or ditch adjacent to plaintiff's said land for public supply, distribution and use escaped therefrom and flooded said land; and that plaintiff's said crop of lettuce on said land was thereby flooded with water and was thereby injured and damaged, and the greater part thereof was thereby destroyed and rendered unfit for harvest, marketing or consumption, all to plaintiff's damage in the sum of $36,616.20, no part of which has been paid to plaintiff."

Paragraph five alleges the presentation and filing of a verified claim for damages and is followed by the prayer for judgment.

It is clear that the pleading contains no allegation even hinting that the damages were caused by faulty design, careless construction, or improper operation of defendant's ditches. It even fails to suggest any act, omission or dereliction of duty on the part of defendant which resulted in the invasion of any right of plaintiff and caused damage to him.

While it is not alleged in so many words that the damage was caused by a sudden flood, the language chosen by the

pleader is certainly appropriate to convey that idea. The water "escaped" from the ditch on one day and "flooded said land," forty acres, on the same day. Certainly this negatives the idea of slow percolation and indicates the breaking out of a considerable volume of water.

As was said in *Feldesman* v. *McGovern*, 44 Cal.App. 2d 566 [112 P.2d 645]:

"It is well settled that the presumptions are always against the pleader, and all doubts are to be resolved against him, for it is to be presumed that he stated his case as favorably as possible to himself (*Joseph* v. *Holt*, 37 Cal. 250; *Silvers* v. *Grossman*, 183 Cal. 696 [192 P. 534]; *Burrowes* v. *Bosworth*, 68 Cal.App. 117 [228 P. 667]; *Higgins* v. *Security Trust and Savings Bank*, 203 Cal. 398 [264 P. 744]; *Smith* v. *Buttner*, 90 Cal. 95 [27 P. 29]); if a fact necessary to the pleader's cause of action is not alleged it must be taken as having no existence (*Hildreth* v. *Montecito Creek Water Co.*, 139 Cal. 22 [72 P. 395]; *Callahan* v. *Loughran*, 102 Cal. 476 [36 P. 835])." (See, also, *Risco* v. *Reuss*, 45 Cal.App.2d 243 [113 P.2d 914]; *Vilardo* v. *County of Sacramento*, 54 Cal.App. 2d 413 [129 P.2d 165]; 21 Cal.Jur. § 29, p. 51, and cases cited, and 10-Yr. Supp.)

Defendant urges with much logic that if we hold the complaint in this action good, and stating facts sufficient to constitute a cause of action, we must do so on the theory that an irrigation district is an insurer against injury and is liable for all damage caused by water escaping from its system regardless of any blame attaching to it for the flooding. This doctrine was expressly rejected in the case of *Sutliff* v. *Sweetwater Co.*, 182 Cal. 34 [186 P. 766], where it was said:

"*Hoffman* v. *Tuolumne Water Co.*, 10 Cal. 413, is a good illustration of these cases. There the court, in laying down the rule governing the case, said: 'The general rule is, that every man may do as he chooses with his own property, provided he does not injure another's. But there is another rule as well established, which is, that a man must so use his own property as not to injure his neighbor's. This last rule, however, does not make a man responsible for every injury which may arise to another from the use which the first may make of his property. It would be an intolerable hardship to hold a man responsible for unavoidable accidents which may occur to his property by fires or casualties, or acts beyond his control, though others are likewise injured.'

"The court then reversed a judgment against the defendant because of an instruction by the trial court which imposed too high a degree of care upon the defendant. Such reversal was, of course, wholly inconsistent with the contention of the plaintiff here that the defendant is liable no matter what care it used. To the same effect are: *Tenney* v. *Miners' Ditch Co.*, 7 Cal. 335; *Wolf* v. *St. Louis etc. Co.*, 10 Cal. 541; *Todd* v. *Cochell*, 17 Cal. 97; *Everett* v. *Hydraulic etc. Co.*, 23 Cal. 225; *Campbell* v. *Bear River etc. Co.*, 35 Cal. 679; *Weiderkind* v. *Tuolumne Water Co.*, 65 Cal. 431 [4 P. 415]; *Moore* v. *San Vicente Lumber Co.*, 175 Cal. 212 [165 P. 687]; *Bacon* v. *Kearney Vineyard Syndicate*, 1 Cal.App. 275 [82 P. 84]."

Plaintiff argues that it was unnecessary to allege improper plan of the ditch, its improper construction, or negligence, or lack of care in its operation because it has been frequently said that in an action brought for taking or damaging property under article I, section 14, of the Constitution, as is this action, it is not necessary to prove negligence of the defendant in order to support a recovery by plaintiff.

This statement appears in the opinion of the Supreme Court denying a hearing in the case of *Tormey* v. *Anderson-Cottonwood Irrigation Dist.*, 53 Cal.App. 559 [200 P. 814]. From the statement of facts in the opinion of the District Court of Appeal it appears that the defendant had constructed its ditch through loose sandy soil incapable of holding water; that water had seeped from the canal onto plaintiff's land damaging it. A judgment in his favor was affirmed. This statement by the Supreme Court seems to be a reaffirmance of the doctrine announced in *Reardon* v. *City & County of San Francisco*, 66 Cal. 492 [6 P. 317, 56 Am.Rep. 109], to the effect that where private property is damaged by the public works of a municipality, a recovery may be had whether the work was "done with care and skill or not."

The same rule has been announced in a number of cases relied upon by plaintiff among which we cite the following: *Kaufman* v. *Tomich*, 208 Cal. 19 [280 P. 130]; *Powers Farms, Inc.* v. *Consolidated Irrigation Dist.*, 19 Cal.2d 123 [119 P.2d 717]; *House* v. *Los Angeles County Food Control Dist.*, 25 Cal.2d 384 [153 P.2d 950]; *Ketcham* v. *Modesto Irrigation Dist.*, 135 Cal.App. 180 [26 P.2d 876]; *Massetti* v. *Madera Canal & Irrigation Co.*, 20 Cal.App.2d 708 [68 P.2d 260]; *Hume* v. *Fresno Irrigation Dist.*, 21 Cal.App.2d 348 [69 P.2d 483].

An examination of the foregoing cases, and others on the same subject, show that in the majority of them the landowner sought recovery for damages caused by seepage from canals constructed through porous soil that did not confine and hold water but permitted it to percolate through the soil and water log adjoining property. Although the canal was constructed carefully and according to specifications this has been referred to as improper designing or improper planning which would make the irrigation district liable for damages. In some cases it is pointed out that this seepage of water may be prevented easily by puddling the canal with clay, by the use of oil on the banks and bottom, or by other simple means.

■ It is recognized that the irrigation district owes the adjoining property owner the duty of not needlessly damaging his land by reason of improperly planned, constructed or operated works and if such damage occurs through any of those causes the district must respond in damages. In speaking on this subject in *House* v. *Los Angeles County Flood Control Dist., supra,* it was said:

"According to the plaintiff's pleading, the defendant district, with time to exercise a deliberate choice of action in the manner of its installation of the river improvements, followed a plan 'inherently wrong' and thereby caused needless damage to her property.

"While mere errors of judgment in planning and constructing a public work may be consistent with reasonable care, procedure so grossly incompetent and contrary to 'good engineering practices' as to constitute negligence might well give the injured property owner just cause for complaint upon the ground that the governmental agency responsible for the project has transgressed the limits of the police power. (*Kaufman* v. *Tomich,* 208 Cal. 19 [280 P. 130].) Such conclusion does not make the public agency, in undertaking its flood control program, an insurer against all possible damage which thereby might be inflicted on private property (*cf. United States* v. *Sponenbarger,* 308 U.S. 256 [60 S.Ct. 225, 84 L.Ed. 230], but it merely requires that the damage to the individual, on whom the sovereign power justifiably makes demands in the public interest, not exceed the necessities of the particular case due to a failure to use reasonable care and diligence."

Plaintiff stresses the case of *Massetti* v. *Madera Canal and Irrigation Co., supra,* as exactly identical with the instant

case. In the Massetti case it appears that the defendant had constructed a canal with a capacity of 100 second feet; that it was obstructed with weeds and brush which retarded the flow of water; that there were gopher holes in the bank opposite plaintiff's property; that a pipe line constructed to carry away seepage and surplus water was plugged so that no water could flow through it; that defendant, probably wilfully, had overloaded the ditch with 113 second feet of water so that its banks were broken and Massetti's property was damaged.

Had plaintiff here alleged any such defective or careless construction, maintenance, or operation of defendant's canal, we would have had no trouble in concluding that he had stated facts sufficient to constitute a cause of action. He did not do so but satisfied himself with the bare allegation that the water "escaped" from defendant's canal and "flooded" his land. While defendant owed plaintiff the duty of not injuring his land through any act of faulty planning or neglect on its part, it is not an insurer against damage and the complaint should have contained some allegation from which it might be reasonably inferred that defendant was legally liable for the damage caused by the water escaping from its canal and flooding plaintiff's land. Lacking such allegations the demurrer was properly sustained and plaintiff should have taken advantage of the leave given him to amend.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 9, 1945. Carter, J., and Schauer, J., voted for a hearing.