[Civ. No. 16300. First Dist., Div. Two. May 18, 1955.]

HARRY MELIKIAN, Appellant, v. TRUCK INSURANCE EXCHANGE (a Corporation) et al., Respondents.

* Assigned by Chairman of Judicial Council.

114

Johnson, Thorne, Speed & Bamford, John E. Thorne and Harry V. Bamford for Appellant.

Campbell, Custer, Warburton & Britton and Walter E. Rankin for Respondents.

NOURSE, P. J.—Plaintiff sued to enforce an offer of settlement for injuries incurred in a motor vehicle accident. A demurrer to his amended complaint was sustained after argument by counsel for defendants, the plaintiff failing to appear for argument in support of his complaint.

The controlling issue on the appeal from the adverse judgment is whether the complaint alleges an acceptance of the offer within time. ■ In approaching that issue we are bound, just as the trial court was bound, by the allegations in the verified complaint and cannot consider the outrejudicial statements of counsel nor the additional facts found in the briefs. ■ The complaint is in plain and simple language and the pleader is bound by the allegations contained therein. The complaint herein alleges that the complaint for injuries was filed on June 27, 1951; that while

the suit was pending, and on May 5, 1953, an agent of the insurance carrier made an oral offer to the plaintiff to pay the sum of $6,000 in full settlement; that the offer was accepted by plaintiff's counsel on May 14, 1953; that they proceeded with the trial before a jury which commenced on the 11th day of May, 1953 and ran for four days; that the jury returned a verdict in favor of the defendants. Significantly the complaint fails to allege when the verdict was returned, or whether the evidence, or some portion of it, was presented to the jury before or after the purported acceptance. Also, whether this verdict preceded the alleged acceptance of the offer does not appear from the allegations of the complaint. These were pertinent matters of fact highly essential to plaintiff's case and fully within his own knowledge. If this acceptance had taken place after the adverse verdict it would have been of no value whatever. If it had been made after the jury was summoned and after the defendants had been put to the expense of trial it was of no value because at that time the consideration for the offer had failed and was not capable of performance. ██ From his failure to allege the time of acceptance we must presume that such an allegation would have been fatal to his case, and, hence, that there was no acceptance within proper time upon which he could now rely. (*Smith* v. *Buttner*, 90 Cal. 95, 100 [27 P. 29]; *Curci* v. *Palo Verde Irr. Dist.*, 69 Cal.App.2d 583, 585 [159 P.2d 674].) ██ This rule is succinctly stated in *Feldesman* v. *McGovern*, 44 Cal.App.2d 566, 571 [112 P.2d 645], where the court said ". . . the presumptions are always against the pleader, and all doubts are to be resolved against him, for it is to be presumed that he stated his case as favorably as possible to himself (citations); if a fact necessary to the pleader's cause of action is not alleged it must be taken as having no existence (*Hildreth* v. *Montecito Creek Water Co.*, 139 Cal. 22 [72 P. 395]; *Callahan* v. *Loughran*, 102 Cal. 476 [36 P. 835])." For these reasons we must assume, on the demurrer, that the alleged acceptance was not made within time. It appears therefore that plaintiff did not intend to accept the offer until he learned that the verdict had been, or would be, adverse to him. ██ The allegation that the offer was accepted by plaintiff's attorney "on or about the 14th day of May, 1953" is an idle plea since it is not alleged whether at that time the jury trial had begun.

Manifestly the purpose of the offer of compromise was in part to avoid the jury trial with its consequent court costs,

fees and other legal expenses. No one would assume that the defendants would have made the offer after they had knowledge of the jury's verdict. But the allegation of the complaint herein assumes that that was just what did occur.

 The appellant argues that he should have been given leave to amend further. The argument is not persuasive since he did not appear to defend against the demurrer and has not shown, either to the trial court or on this appeal, how he could amend to plead a triable cause of action. See *Ruinello* v. *Murray*, 36 Cal.2d 687, 690 [227 P.2d 251].

 A case in point is *Thompson* v. *Municipal Bond Co.*, 23 Cal.App.2d 402, 411 [73 P.2d 274], where the court held cn almost identical facts that when the plaintiff continued to prosecute his case, after an offer of compromise had been made and accepted, there was an effective mutual abandonment of the compromise agreement.

Judgment affirmed.

Kaufman, J., and Draper, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 13, 1955. Carter, J., was of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.