Filed 2/16/16  Sepehry-Fard v. Aurora Bank  CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FAREED SEPEHRY-FARD, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> AURORA BANK, FSB et al., <br><br> Defendants and Respondents. | H039052 <br> (Santa Clara County <br> Super. Ct. No. 111-CV-209804) |

The trial court sustained the demurrer of defendants Aurora Bank, FSB, et al. (collectively, defendants) to plaintiff Fareed Sepehry-Fard's second amended complaint without leave to amend.  On appeal, plaintiff argues: (1) the trial court erred by granting defendants' request for judicial notice of certain deeds of trust; (2) defendants' demurrer was sustained in error; and (3) plaintiff should have been given the opportunity to further amend his complaint.  For the reasons stated here, we will affirm the judgment.

**I.          TRIAL COURT PROCEEDINGS**

Though plaintiff's second amended complaint is difficult to understand, we have discerned the following facts.  Plaintiff refinanced his Saratoga home in 2007 with two adjustable interest rate promissory notes, one for $1.3 million and a second for $300,000.  Each note was secured by a separate deed of trust.  On both deeds, the lender is listed as GreenPoint Mortgage Funding, Inc., the trustee is listed as Marin Conveyancing Corp., and the beneficiary is listed as Mortgage Electronic Registration Systems, Inc.  Both deeds state that the notes they secure "can be sold one or more times without prior notice to [plaintiff]."  On the signature line for each deed of trust, there is a signature in

plaintiff's name above plaintiff's name in typeface.  Both deeds were recorded by the Santa Clara County Recorder in January 2007.

In 2009, plaintiff entered into an interest rate loan modification with GMAC Mortgage, LLC, for the $1.3 million promissory note.  Again, there is a signature in plaintiff's name above plaintiff's name in typeface.  This modification was recorded in May 2011.

Plaintiff filed his first complaint in September 2011.  Defendants demurred, arguing the complaint did not contain sufficient facts to state a claim for relief.  The trial court sustained the demurrer with leave to amend.  Defendants demurred to plaintiff's first amended complaint on the same ground.  As an exhibit to his opposition to the demurrer to his first amended complaint, plaintiff filed an "Affidavit of Revocation of Signature for Good Cause" (Affidavit of Revocation) that was signed by plaintiff and notarized.  In it plaintiff states he "affixed His signature to documents, specifically a mortgage / deed of trust, on or about January 11, 2007 ... ."  (Underscoring omitted.)  The Affidavit of Revocation also attempts to "revoke[] all signatures for good cause, and 'Without Recourse to Me' ... ."  The trial court sustained the demurrer to the first amended complaint with leave to amend.

Plaintiff filed his second amended complaint in July 2012.  Defendants demurred for a third time and also moved to strike references to Frank H. Kim and Severson & Werson, APC as defendants, arguing they were not properly joined.  The trial court sustained defendants' demurrer to plaintiff's second amended complaint without leave to amend and granted defendants' motion to strike.  After unsuccessfully moving to vacate the judgment, plaintiff appealed to this court.

**II.      DISCUSSION**

We begin by addressing plaintiff's argument that the trial court lacked personal and subject matter jurisdiction.  By voluntarily filing a complaint and appearing at hearings in the trial court, plaintiff consented to the trial court's personal jurisdiction.  (See Rest.2d Conf. of Laws, § 32 ["A state has power to exercise judicial jurisdiction over an individual who has consented to the exercise of such jurisdiction."].)  As for

2

subject matter jurisdiction, "[t]he California Constitution confers broad subject matter jurisdiction on the superior court. (Cal. Const., art. VI, § 10.)" (*Serrano v. Stefan Merli Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014, 1029.) While there are some limitations on the subject matter jurisdiction of the superior court (e.g., matters of exclusive federal jurisdiction), those limitations do not apply to any causes of action in the second amended complaint.

## A.    WAIVER

Defendants contend plaintiff waived all arguments on appeal because his briefing provides citations and quotations from legal authorities without explaining their relevance or applying them to the allegations contained in the second amended complaint. While plaintiff's pleadings and briefing are hard to understand, we will address the legal theories touched upon by the second amended complaint because a demurrer must be overruled if "the pleaded facts state a cause of action on any available legal theory." (*Saunders v. Cariss* (1990) 224 Cal.App.3d 905, 908.) Reviewing the second amended complaint, we find the following legal theories raised: (1) fraud arising out of an alleged forgery of plaintiff's signature; (2) violations of defendants' pooling and servicing agreement; and (3) a preemptive attack on defendants' authority to foreclose.

Because they were neither raised by the second amended complaint nor supported by reasoned argument and citation to relevant legal authorities in plaintiff's appeal, we deem waived and will not address plaintiff's arguments regarding declaratory relief, action for accounting, unfair business practices, quiet title, Penal Code violations, challenges to the order granting defendants' motion to strike improperly-joined defendants, and rescission based on 15 U.S.C. § 1635 and *Jesinoski v. Countrywide Home Loans, Inc.* (January 13, 2015) 574 U.S. __, 135 S.Ct. 790. (*Tichinin v. City of Morgan Hill* (2009) 177 Cal.App.4th 1049, 1084, fn. 16 [waiving argument for failure to provide reasoned argument and citation to relevant legal authority]; *Melikian v. Truck Ins. Exchange* (1955) 133 Cal.App.2d 113, 115 (*Melikian*) [allegations not included in complaint presumed not to exist]; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [litigants appearing in propria persona treated the same as all litigants and

3

"must follow correct rules of procedure"]; *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1 ["A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' "].)

## B.    JUDICIAL NOTICE OF DEEDS OF TRUST

Plaintiff argues the trial court erred in taking judicial notice of the two deeds of trust for plaintiff's Saratoga property. We review the trial court's ruling on the request for judicial notice for abuse of discretion. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264 (*Fontenot*).)

Among other things, courts may take judicial notice of " '[o]fficial acts ... of any state of the United States' " and " '[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy.' " (*Fontenot, supra,* 198 Cal.App.4th at p. 264, quoting Evid. Code, § 452, subds. (c), (h).) A court may take judicial notice of recorded real property records, "including deeds of trust, when the authenticity of the documents is not challenged." (*Fontenot,* at p. 264.) "The official act of recordation and the common use of a notary public in the execution of such documents assure their reliability, and the maintenance of the documents in the recorder's office makes their existence and text capable of ready confirmation, thereby placing such documents beyond reasonable dispute." (*Id.* at pp. 264–265.)

In addition to taking judicial notice of the existence of these records, courts may take judicial notice of "a variety of matters that can be deduced from the documents." (*Fontenot, supra,* 198 Cal.App.4th at p. 265.) In *Fontenot*, that court concluded terms of a recorded deed of trust specifying beneficiaries were judicially noticeable because the identities of the parties to the deed were facts arising from the legal effect of the recorded documents "rather than any statements of fact within them." (*Id.* at p. 266–267.)

Both the trial court's order granting judicial notice of the deeds of trust and plaintiff's attacks on that order are vague regarding the purpose for which judicial notice was granted. As official acts not reasonably subject to dispute and capable of accurate

4

determination by resort to county recorder records, we find no error in granting judicial notice regarding the existence and recordation of the deeds of trust. (Evid. Code, § 452, subds. (c), (h).) We also find the deed provisions that specify parties to the agreement are a proper subject of judicial notice. (*Fontenot, supra,* 198 Cal.App.4th at pp. 266–267.) To the extent plaintiff argues the deeds were not judicially noticeable for these purposes, we reject that contention.

## C. DEMURRER

### 1. Standard of Review

Defendants demurred to the second amended complaint on the ground that "[t]he pleading does not state facts sufficient to constitute a cause of action." (Code Civ. Proc., § 430.10, subd. (e).) We review de novo a judgment of dismissal based on a sustained demurrer. (*Doan v. State Farm General Ins. Co.* (2011) 195 Cal.App.4th 1082, 1091.) We will reverse the judgment of dismissal if the allegations of the complaint state a cause of action "under any legal theory." (*Ibid.*) We assume the truth of all facts alleged in the complaint unless those facts are contradicted by judicially noticeable materials. (*Stoney Creek Orchards v. State of California* (1970) 12 Cal.App.3d 903, 906; *SC Manufactured Homes, Inc. v. Liebert* (2008) 162 Cal.App.4th 68, 82.) Facts not alleged in the complaint are presumed not to exist. (*Melikian, supra,* 133 Cal.App.2d at p. 115.) Moreover, we cannot consider conclusory factual or legal allegations contained in the complaint. (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 953 (*B & P Development*).) Finally, litigants may allege inconsistent theories but not inconsistent facts (*Gentry v. eBay, Inc.* (2002) 99 Cal.App.4th 816, 827–828) and "[s]pecific factual allegations modify and limit inconsistent general statements." (*B & P Development,* at p. 953.)

### 2. Fraud by Forgery

The second amended complaint questions "the authenticity of the signatures on the forged copy" of one or both deed of trust. Because plaintiff's signature is the only signature on the deeds of trust, we interpret this as a claim that defendants forged

5

plaintiff's signature on the deeds of trust. Plaintiff's argument fails as a matter of law because he has admitted multiple times that he signed the deeds in question.

To prove forgery, plaintiff must provide evidence of a " ' "writing which falsely purports to be the writing of another," ' ... executed with the intent to defraud." (*Schiavon v. Arnaudo Brothers* (2000) 84 Cal.App.4th 374, 382.) The second amended complaint states: "Plaintiff Asserts And Confirms That ... [¶] Plaintiff created the security instrument by signing on the 'questionable copy of the security' that Plaintiff rebuts is his signature based on the copy of the note that has been included as evidence into this case by the alleged attorneys." This specific allegation that he signed the security instrument controls over the more general forgery claims in his complaint. (*B & P Development, supra,* 185 Cal.App.3d at p. 953.) Additionally, in plaintiff's Affidavit of Revocation (filed below in support of his opposition to the demurrer to his first amended complaint), he specifically admits signing documents including a deed of trust in January 2007. The signing date for both promissory notes and deeds of trust relevant to this appeal is listed as January 10, 2007 on the recorded deeds. Based on these admissions, as well as plaintiff's failure to provide facts supporting any allegation of an intent to defraud, the second amended complaint fails to state facts sufficient to constitute a cause of action for forgery.

To the extent plaintiff makes a more general fraud argument, the second amended complaint still fails to state a cause of action. To prove fraud, plaintiff must show: (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages. (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 792 (*West*).) Fraud causes of action are also held to a higher pleading standard. "[P]laintiff must allege facts showing how, when, where, to whom, and by what means the [fraudulent] representations were made, and, in the case of a corporate defendant, the plaintiff must allege the names of the persons who made the representations, their authority to speak on behalf of the

6

corporation, to whom they spoke, what they said or wrote, and when the representation was made." (*Id.* at p. 793.)

An example of a complaint alleging sufficient facts to support a fraud cause of action in the foreclosure context comes from *West, supra,* 214 Cal.App.4th 780. There, the plaintiff pointed to specific misrepresentations in agreements and letters between her and the defendant, and attached copies of those documents to her complaint. (*West,* at p. 793.) She also described misrepresentations made by representatives of the defendant during phone calls on specific dates. (*Id.* at pp. 793–794.) From those facts, the reviewing court concluded the plaintiff sufficiently stated a claim for fraud. (*Ibid.*)

Unlike in *West*, plaintiff provides no specific facts supporting a cause of action for fraud. Instead, the second amended complaint contains only conclusory allegations that his signatures on the deeds were forged and characterizations of various actions taken by defendants as fraudulent. These conclusory allegations, without more, do not provide facts sufficient to constitute a fraud cause of action, particularly given the heightened pleading requirements applicable to such claims. (*B & P Development, supra,* 185 Cal.App.3d at p. 953.)

### 3. Pooling and Servicing Agreement

The second amended complaint alleges defendants pooled plaintiff's promissory notes with those of other homeowners without adhering to the requirements of defendants' pooling and servicing agreement. An identical argument was rejected for lack of standing in *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 (*Jenkins*).

In *Jenkins*, the court first noted that any violations of the pooling and servicing agreement would affect only the holders of the promissory note on the one hand and the third-party acquirers of the note on the other. (*Jenkins, supra,* 216 Cal.App.4th at p. 515.) Because the plaintiff-homeowner was not a party to the pooling agreements or any promissory note transfers, the court found she lacked standing to challenge compliance with the agreements. (*Ibid.*) The court also explained that even if the plaintiff-homeowner had standing and could show violations of the pooling and servicing

7

agreement, she would have no cause of action because "her obligations under the note remained unchanged." (*Ibid.*)

Like the homeowner in *Jenkins*, plaintiff lacks standing to challenge compliance with the pooling and servicing agreement because he is not a party to that agreement and his obligations remain the same regardless of the holder of the note. Plaintiff can show no injury based on the transfer of his promissory notes to other creditors. " 'Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing [plaintiff's] obligations under the note.' " (*Jenkins, supra,* 216 Cal.App.4th at p. 515, quoting *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507.) In addition to imputed knowledge that a transfer might occur, here plaintiff had *actual* notice of the possibility that his creditor might change because both deeds of trust explicitly state the notes "can be sold one or more times without prior notice to [plaintiff]." Plaintiff cannot state a cause of action related to the pooling and servicing agreement.

### 4. Preemptive Attack on Authority to Foreclose

The final legal theory arguably raised in plaintiff's second amended complaint is that defendants do not have authority to foreclose on plaintiff's Saratoga property. Plaintiff's legal theory essentially boils down to the argument that defendants cannot carry out a nonjudicial foreclosure without providing plaintiff: (1) proof that the chain of title to the property has not been broken; and (2) evidence of every transfer of any interest in the deeds of trust and promissory notes. Before reaching plaintiff's contentions, we briefly discuss the nonjudicial foreclosure statutory scheme.

#### a. Nonjudicial foreclosure

A deed of trust securing a home loan promissory note establishes a three party agreement. The trustor-debtor is the homeowner who has possession of the property and makes periodic payments to the lending institution. The lending institution is referred to as the beneficiary-creditor and provides the loan that is secured by the deed of trust. The third party is referred to as the trustee and acts as agent for the beneficiary-creditor while

also serving as a beneficiary to the agreement.  (*Jenkins, supra,* 216 Cal.App.4th at p. 508.)

Unlike a traditional trustee, who has numerous duties, the trustee for a deed of trust has two mutually exclusive duties.  If the trustor-debtor repays the entire amount of the loan, the trustee transfers legal title to the trustor-debtor.  If the trustor-debtor defaults, the trustee must initiate a foreclosure for the benefit of the beneficiary-creditor.  Because of these characteristics, deeds of trust have been described as the "functional equivalent of 'a lien on the property.' [Citation.]"  (*Jenkins, supra,* 216 Cal.App.4th at p. 508.)

" 'Sections 2924 through 2924k [of the Civil Code] set forth a 'comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust.' " (*Jenkins, supra,* 216 Cal.App.4th at p. 508, quoting *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830, italics omitted.)  If the trustor-debtor fails to make all required payments, the trustee, beneficiary, "or any of their authorized agents" must first record a notice of default and election to sell with the office of the recorder in the county where the property is located.  (Civ. Code, § 2924, subd. (a)(1).)  After allowing the statutorily mandated three months to elapse, "a notice of sale must be published, posted, recorded and mailed 20 days before the foreclosure sale."  (*Jenkins, supra,* at p. 509, citing Civ. Code, §§ 2924, subd. (a)(3), 2924f.)  Finally, if all notice requirements are met, the foreclosed property must be sold to the highest bidder at a public auction in the county where the property is located.  (Civ. Code, § 2924g, subd. (a).)

The trustor-debtor can prevent a foreclosure sale by exercising the rights of reinstatement or redemption.  To exercise the right to reinstatement, the trustor-debtor must pay all past due amounts on the promissory note at any time until five business days before the foreclosure sale.  (Civ. Code, § 2924c, subd. (e).)  Alternatively, the trustor-debtor can cure the default and exercise the right of redemption by paying the total outstanding debt at any time before the sale.  (Civ. Code, §§ 2903, 2905.)

9

### b.    Analysis

Judicial actions challenging nonjudicial foreclosures are limited.  Because of the " 'exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute.' [Citations.]"  (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154 (*Gomes*).)  Thus, trustor-debtors may only bring judicial actions alleging "misconduct arising out of a nonjudicial foreclosure sale when [such a claim is] not inconsistent with the policies behind the statutes."  (*California Golf, L.L.C. v. Cooper* (2008) 163 Cal.App.4th 1053, 1070.)  Recognizing this limitation, "California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure."  (*Jenkins, supra,* 216 Cal.App.4th at p. 511, citing *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 440–442 (*Debrunner*); *Gomes,* at pp. 1154–1157.)

The court in *Gomes* affirmed dismissal of a preemptive judicial action challenging the right to undertake a nonjudicial foreclosure.  (*Gomes*, *supra*, 192 Cal.App.4th at p. 1155.)  There, the plaintiff brought a declaratory relief action claiming Civil Code section 2924 allowed for a preemptive action "to test whether the person initiating the foreclosure has the authority to do so."  (*Gomes,* at p. 1155.)  The *Gomes* court first noted that "nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action."  (*Ibid.*)  The court also refused to imply such a cause of action, reasoning that to do so "would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures."  (*Ibid.*)  Distinguishing federal foreclosure cases relied on by the plaintiff, the court noted that the plaintiffs in those cases had alleged "specific factual bas[es]" supporting their preemptive challenges.  (*Id.* at p. 1156, italics omitted.)

A different panel of this court reached a similar conclusion in *Debrunner, supra,* 204 Cal.App.4th 433.  In that case, the plaintiff argued that the promissory note, as a

10

negotiable instrument, could not be assigned without a valid endorsement and physical delivery because of the requirements of the California Uniform Commercial Code. (*Id.* at p. 440.) We rejected that argument, concluding that the "detailed, specific, and comprehensive set of legislative procedures the Legislature has established for nonjudicial foreclosures" should not be displaced by general provisions of the California Uniform Commercial Code. (*Id.* at p. 441.)

*Debrunner* quoted the federal district court which noted in *Lane v. Vitek Real Estate Industries Group* (E.D.Cal. 2010) 713 F.Supp.2d 1092 (*Lane*), that since foreclosure proceedings can be initiated by " 'a trustee, mortgagee, beneficiary, or any of their agents[,] ... the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale.' " (*Debrunner, supra,* 204 Cal.App.4th at p. 441, quoting *Lane,* at p. 1099.)

*Jenkins, supra*, 216 Cal.App.4th 497, reached the same result. There, the court affirmed dismissal of a cause of action which asserted "a right to bring a preemptive judicial action to determine whether [the defendants] have the authority to initiate nonjudicial foreclosure on [the plaintiff's] home ... ." (*Id.* at pp. 512–513.) As in *Gomes* and *Debrunner*, the *Jenkins* court noted the lack of an explicit cause of action in the Civil Code and reasoned that implying a cause of action would be contrary to the intent of the nonjudicial foreclosure statute because it would involve "the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature." (*Jenkins,* at p. 513.)

Like the complaints in the foregoing authorities, plaintiff's second amended complaint provides no specific factual basis to call into question the ability of defendants to initiate a nonjudicial foreclosure. Instead, plaintiff makes only generalized arguments, unsupported by any relevant legal authority, that defendants must produce original copies of the promissory notes, deeds of trust, and all assignments thereof before initiating a nonjudicial foreclosure. Because we find no law requiring defendants to do so, plaintiff's second amended complaint fails to state a cause of action. We also note that plaintiff's allegations of misconduct by defendants are unripe because, based on the record before

11

us, no notice of default had been recorded against either of plaintiff's deeds of trust for the Saratoga property.

## D.   DENIAL OF LEAVE TO AMEND

We review a trial court's decision denying a plaintiff leave to amend a complaint for abuse of discretion. (*Debrunner, supra*, 204 Cal.App.4th at p. 439.) We will reverse the decision if there is a reasonable possibility plaintiff could cure the defects in the complaint through amendment. (*Ibid.*) "The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

Plaintiff's fraud by forgery cause of action is fatally defective because of his repeated admission that he signed the original promissory notes and deeds of trust. Because of that admission, there is no reasonable possibility plaintiff could amend his complaint to state a cause of action for forgery, let alone fraud more generally. Plaintiff cannot overcome the deficiency simply by removing the admission that he signed these documents. (*Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822, 836 [" 'Where a verified complaint contains allegations destructive of a cause of action, the defect cannot be cured in subsequently filed pleadings by simply omitting such allegations without explanation.' "].) Plaintiff's pooling and servicing agreement cause of action is similarly insusceptible to amendment because plaintiff has no standing to enforce that agreement. As for plaintiff's attempt to preemptively attack defendants' authority to foreclose, it is settled that California courts will not allow preemptive attacks on nonjudicial foreclosures based solely on generalized allegations. (See *Debrunner, supra*, 204 Cal.App.4th at pp. 440–442.) Plaintiff has failed to set forth a specific factual basis for his claim despite multiple opportunities to do so. We find no reasonable possibility plaintiff could cure the defects, and therefore no abuse of discretion in denying him further leave to amend.

## III.      DISPOSITION

The judgment is affirmed.

12

_____

Grover, J.


**WE CONCUR:**


_____

Rushing, P.J.


_____

Márquez, J.


*Fareed Sepehry-Fard v Aurora Bank, FSB et al.*
**H039052**